## BULLOCK v. OGBURN, use, &c.

1. A justice of the peace cannot be permitted to prove the contents of papers, or the proceedings had before him in his office, and which were reduced to writing, without showing first the loss, or destruction of the higher evidence.

2. If a suit be brought in the name of the payee of a note, for the use of one to whom it has been regularly assigned, this is an acknowledgment that the assignee is the proprietor of the paper ; and the assignment being shown, the note should be excluded from the jury. So, if the assignment be stricken out pending the suit, the legal title in the note does not revest in the payee so as to enable him to maintain the suit.

3. B executes his note to O, in satisfaction of a supposed demand due from the son-in-law of B, to O, when in fact no such demand existed. Held, that the note was without consideration.

Error to the County Court of Shelby.

THIS action was commenced before a justice of the peace on a promissory note made by the plaintiff in error, Leonard Bullock, payable to E. W. Ogburn, for $46 16, dated 8th October, 1844, and due six months after the date thereof. The suit was brought in the name of the payee for the use of Saunders, but it appeared that the note, previous to the issuance of the warrant, had been indorsed, without recourse by the payee, who was made the nominal plaintiff, to Saunders, for whose use it was brought—a judgment having been rendered for the defendant below, the case was removed by *certiorari* to the county court. Upon the trial in the county court, the assignment by Ogburn was stricken out, and the note offered in evidence. Plaintiff in error proved the existence of the assignment upon the former trial, and objected to the reading of the note as evidence, which motion was overruled. It was further proved by one Wilson, the justice of the peace before whom the trial was had, that a previous suit had been instituted between the same parties to the note. Plaintiff in error then offered to prove, without producing the papers or justice's docket, that said suit was determined in his favor. This proof, at the instance of plaintiff below, the court excluded.

Upon the trial in the county court, it was proved that the note was executed by Bullock in consideration of the satisfaction of a debt claimed to be due to Ogburn, the payee, from one Edward Stanfield, the son-in-law of Bullock, and it was further proved by Stanfield, that no such indebtedness existed at the time. The county court was asked to charge the jury, that if they believed no debt was due at the time of

the execution of the note to Ogburn from Stanfield, they should find for the defendant. The court refused this charge, and instructed the jury that although nothing was due from Stanfield to Ogburn, yet if the note was given in satisfaction of an unliquidated demand, between Ogburn and Stanfield, the failure of consideration as between them, was no defence.

The decisions of the county court, in refusing to exclude the note from the jury, and in refusing to permit the justice to prove the result of the former trial, and also in refusing the charge asked by plaintiff in error, and in the charge given, were excepted to by plaintiff in error, and presented here for revision.

E. E. BRYSON, for plaintiff in error, cited Rakes, adm'r, v. Pope, 7 Ala. R. 167; Kennedy v. Dear, 6 Por. 90; Clay's Dig. 361, § 15; Young v. Foster, 7 Por. 420; Click v. McAfee, Ib. 62.

J. T. MORGAN, contra, cited Sawyer v. Patterson, 11 Ala. Rep. 525; Clay's Dig. 361, § 15; Pond v. Lockwood, 8 Ala. Rep. 669.

CHILTON, J.—1. In rejecting the proof of Wilson, the justice, the county court but affirmed the incontestable rule of evidence that the party, who is to prove a fact, must do it by the highest evidence of which the nature of the thing is capable, and which it is in his power to produce. True, justices' courts are not courts of record, yet, a party is not permitted to prove by secondary evidence what appears in writing in their offices, without first laying the predicate by showing the loss, or destruction of the better evidence. In the case of Kennedy v. Dear, 9 Por. 90, the court rule, the justice who was offered as a witness, would not be permitted to speak of the papers connected with the suit, unless they were produced.

2. In the admission of the note sued on, after the plaintiff in error had proved the assignment to Saunders, and that it existed at the time of the trial before the justice, the county court mistook the law. In Hunt, use, &c. v. Stewart, 7 Ala. R. 525, this court decide, that where a suit is brought in the

name of a payee of a promissory note for the use of a third person, to whom it appears to have been regularly indorsed, the form of the action is an acknowledgement that the indorsee is the proprietor of the paper, and the suit cannot be supported by the payee.

The case at bar, was in this precise category when tried before the justice : Does the fact of the erasure of the indorsement, after the trial of the cuase before the justice, and before trial in the county court, alter the case ?   We are clear, that it does not.   The assignee of the note *at the time* of the commencement of the suit, had the *legal interest* in it, as well as the equitable.   He alone had the right to sue upon it.   The striking out of the assignment, pending the suit, if it had the effect of re-vesting the legal title in the nominal plaintiff, would be but the acquisition of a right to sue after action brought.   It is needless to add, that such title cannot sustain the action ; therefore, the evidence offered to prove it, should have been excluded.   Jones and Parsons's heirs v. Mardis's heirs, 5 Por. 327.

3. It appears that the note was given for a supposed demand, due from the son-in-law of the maker to Ogburn the payee, and that such demand did not in fact exist.   The facts disclosed in the bill of exceptions do not show a failure of the consideration, but the total absence of it.   The pleas of the defendant, being adapted to the defence, the court should have given to the jury the charge asked for—that if they believed no debt was due from the son-in-law (Stanfield) to Ogburn, at the time of the making of the contract, they should find for the defendant.

For the errors we have noticed, the judgment of the county court is reversed, and the cause remanded.