## FLUKER *vs.* HENRY'S ADM'R.

[ACTION ON PROMISSORY NOTE BY PAYEE AGAINST MAKER.]

1. *Principal and surety—New contract between surety and creditor.*—If the surety on a note, given for the purchase money of a slave, executes his own note to the payee "in discharge of the balance remaining due", and takes up the original note, his position as surety is exchanged for that of creditor; he becomes the principal in his new note, and cannot defeat a recovery on it, by setting up fraud in the sale of the negro, or a breach of the warranty of soundness.

APPEAL from the Circuit Court of Talladega.

Tried before the Hon. ROBERT DOUGHERTY.

THIS action was brought by the appellee, as administratrix of Edward Henry, deceased, on a promissory note for $559 47, executed by the defendant, Baldwin M. Fluker, dated April 15, 1851, and payable one day after date to E. Henry or bearer. The only plea was the general issue, with leave to give any special matter in evidence.

At the trial, after the plaintiff had offered in evidence the note sued on, the defendant introduced evidence tending to show that, in the year 1849, J. G. Dent & Co. had purchased

a negro from said Edward Henry, plaintiff's intestate; and then introduced said Henry's bill of sale of said slave, which was under seal, and contained a warranty of title and soundness. He introduced evidence, also, "tending to show that said J. G. Dent & Co. gave their promissory note to said Henry for the price of said slave, with himself (defendant) as surety to the same; that said Dent & Co., immediately after the purchase of said slave, went into Tennessee, and commenced working on a railroad where they had taken a contract, and carried said negro with them; that defendant, whilst they were so operating in Tennessee, after part of said original note had been paid, lifted it, by giving the note now sued on, in discharge of the balance remaining due on said original note, which balance was the amount of the note now sued on. Defendant then introduced one John Deborde as a witness, who testified, that he was employed by said J. G. Dent & Co. to work on said railroad; that some time in June, 1849, about the time of the purchase of said negro, witness left Talladega, in advance of said Dent & Co. and their hands, for said railroad; that J. G. Dent & Co. arrived in Tennessee, within fifteen days from the time witness left, at the place of operating, with their hands and implements, the said negro being one of them; that he discovered, on the day of their arrival, that said negro was very short-winded, and breathed like he had (what witness called) 'the bellowses', and complained of pains in his side or chest; that within three or four weeks after his arrival, his feet and ankles were swollen, and the swelling extended up his legs and system, and in twelve or fifteen months he died; that said negro did not work more than one-third of his time, in consequence of his complaints, and when he did work was not able to do a full hand's work; that he would not have hired for anything in his then condition; that a good deal of the time he had to be attended to and waited on by some one of the other negroes; that the wages of a hand were usually about $13 per month and boarded; that the negro, as he was when witness saw him, was worth nothing.

"Plaintiff moved to exclude all the evidence of this witness, on the ground that defendant could not recoup damages for a breach of warranty made to J. G. Dent & Co.; and thereupon

defendant stated to the court, that he would prove, in connection with what Deborde had testified to, that said negro was diseased at the time said Henry sold him to J. G. Dent & Co., and long before that time, and that said Henry knew it; and stated, that the testimony of Deborde was offered in connection with this, which he would introduce in the further progress of the trial. Defendant also offered to prove, in connection with the testimony of Deborde, that J. G. Dent was in fact defending this suit, and had employed the attorney who conducted the defence, and had authorized him to make any defence which could be made available by him as a party really interested. Defendant further insisted, that the evidence of Deborde was good, of deceit and fraud, or failure of consideration. The court, notwithstanding, excluded the evidence, and the defendant excepted."

The exclusion of this evidence is now assigned for error.

J. J. WOODWARD, for the appellant, contended,—

That the original note could have been successfully defended, without returning the negro, if fraud was practiced.—Ricks v. Dillahunty, 8 Port. 133; Williams v. Cannon, 9 Ala. 350; 13 Johns. 302 ; 14 Pick. 217; Chitty on Contracts, 402. If it was void for fraud, there is no consideration for the note sued on.—Huckabee v. Albritton, 10 Ala. 660. The surety can make any defence which the principal could.—9 Ala. 46 ; 7 ib. 837; 13 ib. 773. The giving of a new note is no more obligatory than a parol promise, which does not preclude such defence.—Huckabee v. Albritton, supra. The cases of Langdon v. Roane, 6 Ala. 520, and McGowan v. Garrard, 2 Stew. 479, though at first view inconsistent with this position, on examination will be found not to be so.

ALEX. & JOHN WHITE, contra, insisted, that the doctrine of recoupment only applies where there are mutual promises, between the same parties, made at the same time, and in relation to the same subject-matter.—Hatchett & Bro. v. Gibson, 13 Ala. 593; Hill v. Bishop, 2 ib. 320; Green v. Linton, 7 Port. 141; Batterman v. Pierce, 3 Hill, 174 ; Craddock v. Stewart, 6 Ala. 82.

RICE, J.—The giving of the note sued on by the defendant, "*in discharge* of the balance remaining due on the original note", changed the relation between him and J. G. Dent & Co. On the original note, he was their *surety ;* but by giving his own note, "in discharge" of it, he became their *creditor.* He cannot, in this suit, be regarded as their surety, or as entitled to make any defence which rests upon the existing relation of principal and surety. He is the principal, the *sole principal,* in the note sued on, and must be so treated in the present action.—Lyth v. Ault, 11 Eng. Law & Eq. R. 580.

It may be conceded, that the evidence offered by the defendant and excluded by the court would have been admissible, in a suit against him, on the original note.—Evans v. Keeland, 9 Ala. 42 ; Lynch v. Bragg, 13 *ib.* 773. It may also be conceded, that the evidence should not have been excluded, if it tended to prove that the original note was void ; or that the note sued on was given merely as a renewal ; or that it was without any consideration ; or that its consideration had failed. either in whole or in part.—Bullock v. Ogburn, 13 Ala. 346 ; Holt v. Robinson, 21 *ib.* 106. But these concessions cannot help the defendant. There was a valid consideration for each note. There is no evidence of any failure of the consideration of the note sued on. If a defence, either total or partial, could have been made to the original note, *in consequence of fraud in the sale of the negro for which it was given, or of the breach of the warranty of his soundness,* the discharge of that note, by giving the note here sued on, destroys the right of *the defendant* to make *that defence in this suit.*

There is no error in excluding the evidence which was excluded ; and the judgment is affirmed.