## STARK *vs.* HENDERSON.

[BILL IN EQUITY FOR RESCISSION OF CONTRACT.]

1. *Rescission of contract on account of misrepresentation by vendor.*—A false representation by the vendor, in making a public sale of land as administrator without an order of court, to the effect that the sale was authorized by the decedent's will, entitles the purchaser, who was thereby misled and induced to buy, to a rescission of the contract in equity.

2. *Consideration of note.*—A note given for the purchase-money of land, at a public sale made by an administrator, without an order of court, under the erroneous supposition that the will conferred on him authority to sell, is without consideration; and if an assignee of such note, for the purpose of avoiding that defense, induces the maker to substitute a new note, the substituted note is also without consideration.

APPEAL from the Chancery Court of Tallapoosa.

Heard before the Hon. JAMES B. CLARK.

THIS bill was filed by William G. Stark and Joseph C. Rawls, against Henry Henderson and others; seeking the rescission of a contract for the purchase of certain lands, and an injunction of a judgment at law on the note for the purchase-money. The lands were sold, at public auction, by Green W. Hill, as administrator with the will annexed of John C. Webb, deceased, under the erroneous supposition that the will authorized him to sell; and were purchased by said Stark, who was induced to buy by the misrepresentations of said Hill as to his authority to sell. A note for the purchase-money was given by Stark, with R. Lanier and D. Neal as sureties, on which suit was afterwards brought, in the name of said Hill, for the use of said Henry Henderson. This action was settled by Stark executing a new note, with other sureties, payable to Henderson; and the bill alleged that, at the time of the execution of this new note, Stark still believed that he had acquired a good title by his purchase, and that Henderson was cognizant of the want of consideration. Henderson, in his answer, denied all knowledge on his part of the consideration of the original note, but admitted that he had "understood from some of the parties that the consideration was land"; and alleged that the new note, on which he had recovered a judgment in his own name, was given in consideration of his extension of the day of payment of the first note.

The testimony, so far as is material to the points here decided, is stated in the opinion of the court.

On final hearing, on pleadings and proof, the chancellor dismissed the bill; and his decree is now assigned as error.

JAS. E. BELSER, and WM. H. BARNES, for appellant.

GEO. W. GUNN, and J. T. LEFTWICH, contra.

STONE, J.—In the case of Lanier v. Hill, 25 Ala. 554, this court passed upon the identical contract presented by this record, and held, that the purchaser was entitled to relief in equity. That decision is decisive of this case, unless the giving of the new note places Henderson's rights on a firmer footing.

It is contended for Henderson, that in ignorance of any defense to the first note, he did, at the instance of Stark and Rawls, dismiss his first suit, and extend the debt by taking a new note; that he thus surrendered his right to take judgment in the suit then pending, and, in effect, gave indulgence for two years longer. We need not now decide, what would be the effect of this view of the case, if sustained by the record. See Bullock v. Ogburn, 13 Ala. 346; Holt v. Robinson, 21 Ala. 106; Finn & Dulany v. Barclay, 15 Ala. 626. The appellee stands in no such attitude. Notwithstanding the denials in Henderson's answer, the testimony of the witnesses Gresham, Neal, Lanier, and Slaughter, forces upon us the conclusion, not only that Henderson knew of the defense to the first note, but that, in fact, he took the new note in the hope of thereby cutting off that defense. Although these witnesses depose only to conversations and admissions of Henderson; generally the weakest of evidence; yet, with most of them, there were circumstances calculated to impress the memory. We think they fully overturn the answer.

Hill, as administrator with the will annexed, had no authority to make sale of the land. The first note was, therefore, without consideration. The artifice by which Henderson obtained the second note, cannot place him in a better position than that occupied by Hill.—See Finn & Dula y v. Barclay, *supra*.

The decree of the chancellor is reversed, and the cause remanded for further proceedings in accordance with this opinion.

RICE, C. J., not sitting.