[Head v. Baldwin.]

# Head *v.* Baldwin.

*Contest of Garnishee's Answer.*

1. *Consideration of note.*—A promissory note executed by a father to one of his sons, the only consideration of which was a verbal promise, made three or four years previously, to give him land worth the sum specified, in excess of the distributive interest of the other children, if the son would not go away and leave him, another son having gone to Texas, is without legal consideration, when it is not shown that the payee abandoned a contemplated removal on the faith of the promise.

APPEAL from the Circuit Court of Greene.

Tried before the Hon. S. H. SPROTT.

The appellee in this case, H. M. Baldwin, recovered a judgment on the 2d October, 1878, against John A. Harkness; and sued out a garnishment on it, on 27th December, 1884, against James B. Head, as administrator of the estate of Wm. B. Harkness, deceased, who was the father of said John A. Harkness. The garnishee filed an answer, in which he stated that John A. Harkness would be entitled to a distributive share of the intestate's estate, unless it should be declared insolvent; that he had filed, as a claim against the estate, a promissory note for $1,500, which purported to be signed by the intestate, and the allowance of which would render the estate insolvent; and the garnishee alleged that said note was without legal consideration, and was not a valid claim against the estate. This answer is set out in the transcript, but it is not referred to in the bill of exceptions. The plaintiff then made affidavit contesting the garnishee's answer, and alleging that the note was a valid claim against the estate; and an issue seems to have been made up between the parties. On the trial of this issue, as appears from the bill of exceptions, the plaintiff offered the note in evidence, which·was dated December· 25th, 1878, and payable one day after date, "value received, without interest." The garnishee then testified for himself, that at a meeting of several creditors of the estate of said Wm. B. Harkness, at which he agreed to accept the administration, said John A. Harkness was present, but did not claim to be a creditor; that said Harkness first claimed to be a creditor when the garnishee, as administrator, had applied for an order to sell

[Head v. Baldwin.]

lands for the payment of debts, and filed the note, a few days afterwards, as a claim against the estate, "saying that it was given for his services;" that the claim created some unfavorable comment in the community, which induced said Harkness to seek an interview about it with the witness, in which he stated "that he wanted to explain all about the note, how it was given, what for, and all about it;" and he then repeated the statements of said Harkness, as follows: "He said, that shortly after his brother James left for Texas, which was about 1874, or 1875, his father came to him, and said, 'that he was the only son he had left here, and he did not want him to leave him, and if would not do so, but would remain here, he would give him $1,500 worth of lands more than he would give his other sons;' that he frequently applied to his father afterwards to give him a deed to the $1,500 worth of lands, but his father always put him off, saying that he owed some debts," &c.; "that he went to his father's on the 25th December, 1878, and told him that, as he was getting old, in bad health, and liable to die at any time, he thought he ought to give him a showing for the land;" that his father then told him to write the note, and at once signed it as written. Said W. B. Harkness died in the year 1883, "very old and infirm." On this evidence, the court charged the jury, on request, "that they must find for the plaintiff, if they believed the evidence." The garnishee excepted to this charge, and he here assigns it as error.

G. B. MOBLEY, for the appellant.—A promissory note does not import a consideration, unless it is the foundation of the suit.—Code, § 3035; Story's Prom. Notes, §§ 7, 181; *Small v. Clewley*, 62 Me. 155, or 16 Amer. Rep. 410, and cases there cited. The introduction of the note only, without any proof of consideration, did not make out a *prima facie* case for the plaintiff; while the garnishee's evidence affirmatively showed that it was without legal consideration—was a mere gratuity.—8 Ala. 131; 12 Ala. 124; 59 Ala. 299; 6 Ala. 501; 17 Ala. 14; 33 Ala. 265.

W. P. WEBB, *contra.*—The only issue was as to the validity and consideration of the note, which was affirmed by the plaintiff, and denied by the garnishee. The production of the note made out a *prima facie* case for the plaintiff, which was not rebutted or destroyed by the garnishee's testimony

[Head v. Baldwin.]

as to the declarations of the payee.—Code, § 3035; 41 Ala. 187; 35 Ala. 637; 65 Ala. 162, 558; 71 Ala. 80.

STONE, C. J.—The present case was an issue formed on a contested answer in garnishment. The affidavit, process of garnishment, its service, and affidavit contesting the answer, are each parts of the record, and they all prove this. The judgment-entry tends to confirm it, and the bill of exceptions discloses proof made, all of which is pertinent to such issue. The judgment shows it was rendered, not on admissions made in the answer, but on the verdict of the jury rendered in the cause. It sufficiently appears that the issue tried was framed on a contested answer in garnishment, and the materiality of the question raised is thus shown. We need not inquire whether the answer is a part of the record.

The alleged indebtedness, which the present suit sought to condemn, was evidenced by a note bearing date December 25, 1878, signed by W. B. Harkness, the garnishee's intestate, and payable to J. A. Harkness, the judgment debtor. J. A. Harkness is the son and one of the distributees of W. B. Harkness, and the object of the present suit was to condemn the liability evidenced by the note, to the satisfaction of the judgment against J. A., the son.

The only evidence on the trial was the note itself, and the testimony of the garnishee as a witness. The garnishee's testimony related to the conduct and conversation of J. A., the judgment debtor, and asserted creditor of the estate. If the testimony of the garnishee sets forth the full and only consideration of the note, it can not be regarded as a valuable consideration, but the promise was a *nudum pactum*. It shows neither profit nor benefit secured to the promisor nor the surrender of either right, or valuable thing by the promisee. It fails even to show that the promisee contemplated removing to Texas, and abandoned that purpose in consideration of the promise made by his father. The witness states another circumstance calculated to raise a suspicion of the *bona fides* of the claim; and there is no testimony of any actual consideration for the note. To uphold a promise to pay money, there must be a benefit to the promisor, or a detriment to the promisee.—*Rutledge v. Townsend*, 38 Ala. 706.

The bill of exceptions in this case states it contains all the evidence, and it tends to show there was no consideration for the note.—*Kirksey v. Kirksey*, 8 Ala. 131; *Forward*

[Carter Brothers & Co. v. Challen.]

*v. Armstead*, 12 Ala. 124; *Hubbard v. Allen*, 39 Ala. 283.

The Circuit Court erred in the charge given.

Reversed and remanded.