# Ezell *v.* King.

*Action on Common Counts.*

1. *When recovery may be had on common counts.*—So long as a contract is executory, the plaintiff must declare specially; but, when it has been executed on his part, and no duty remains but the payment of

[Ezell v. King.]

money by the defendant, a recovery may be had under the common counts.

2. *Promise by widow to pay debt of deceased husband.*—A promise by the widow to pay the debt of her deceased husband, or to allow a claim in his favor which is exempt to her to be applied in satisfaction of another debt against him, is without consideration, and is not available as a defense against an action founded on that claim.

APPEAL from the Circuit Court of Choctaw.

Tried before the Hon. WM. E. CLARKE.

TAYLOR & CARNATHAN, for appellant.

W. F. GLOVER, *contra.*

McCLELLAN, J.—Action by Mrs. Katie King, for fifty dollars on common counts for goods sold, and work and labor done by, and money received to the use of B. F. King, the husband of plaintiff, since deceased. Plaintiff, on demand, furnished a bill of particulars in the following form: "Charles T. Ezell, To Katie King, Dr. 1888, Dec. 7. To amount due for cypress timber sold by C. T. Ezell, belonging to Ben King, her husband, and which sum was exempt to her as the widow of Ben King, now deceased, $50." King died in September, 1888. It is admitted that whatever claim he had against Ezell, in respect of this timber, became the property of his widow under the statute of exemptions. On the trial, plaintiff introduced evidence to the effect that, on September 7, 1888, defendant told one Daniels that he would pay or allow (witness was not certain which word was used) plaintiff fifty dollars for cypress timber, and rested. The bill of exception then continues as follows: "Defendant's evidence: Defendant introduced the contract above mentioned, which is in words and figures as follows: 'State of |Alabama, Choctaw County. Agreement made this day between C. T. Ezell and Capt. Frank W. King, agent for Mrs. Katie King. C. T. Ezell agrees to take charge of the business of B. F. King, and gather the crop at the least expense, and ship the cotton when ready for market to Mess. G. E. Crawford & Co., and after paying the balance due him, and the rent, ¼ of the cotton, to place the balance to the credit of Mrs. King at the office of Mess. G. E. Crawford & Co., and render a statement of the entire business to Mrs. King. C. T. Ezell further agrees to pay Mrs. King as follows: for cypress timber, $50.00; for clearing land, $5.00 per acre, after being measured by disinterested parties, and pay 75c. per bushel for the corn. Sept. 11th, 1888.' Signed E. T. Ezell,' 'F. W. King, ag't for Mrs. Katie King;' and attested by J. A. Walters and J. M. Carr."

From this recital and this contract it appears that the defendant not only admitted having told Daniels, on December 7, 1888, that he would pay or allow the plaintiff this fifty dollars, but also that it was due her by the terms of an express and unconditional promise made in writing by the defendant on September 11, 1888. It is also to be observed, that the defendant himself put this contract in evidence, and thus made it the basis of settlement between the parties. He could not be heard to say, in the teeth of his admitted stipulation to the contrary, that he did not at the time owe plaintiff the sum he then agreed to pay her, nor do we understand it to have been insisted in the court below that he did not so owe her, nor contended here that there was any evidence tending to show that there was no debt at the time the promise to pay was executed. Evidence was received tending to prove that B. F. King cut cypress timber on defendant's land in the Spring of 1888, intending the value of his work and labor in that behalf to go as a credit on a balance he owed defendant for 1887, and that it was so credited by Ezell; but the only advantage sought by defendant from this testimony was to afford an inference that the promise of September 11, 1888, was not in consideration of this work and labor, and, no other services being shown, that the contract to pay was not in consideration of work and labor done at all, but upon some other and different consideration, and hence a recovery could not be had on the common counts, the action being by another than the person alleged to have rendered the services, &c. The proposition seems to be, in other words, that an action on the common counts for work and labor done, goods sold and delivered, and money received by one who succeeded to the demand of the original owner to whose use the money was received, or by whom the goods were sold or work done, can not be supported by proof simply of an agreement to pay to the party so succeeding to the claim, without connecting the contract with the matters laid in the complaint as constituting its consideration. The position, we think, is untenable. The present plaintiff stood before the court, with respect to the claim, in the shoes of B. F. King, and entitled to recover under the same circumstances, upon the same proof, and to the same extent as he would have been, had the demand continued to be his, and the promise to pay been made to him. And it is, of course, well settled, indeed is not denied by the appellant, that if he had lived, and instituted this action on the common counts, he could have recovered on proof of an unconditional promise to pay *in numero* the sum claimed, and without connecting that promise with the work and labor done as alleged in the

complaint; or, as declared by this court: "So long as a contract is executory, the plaintiff must declare specially; but, when on his part it is executed, and no duty remains but the payment of money by the defendant, a recovery may be had under the common counts."—*Darden v. Jones*, 48 Ala. 33; *Beadle v. Graham*, 66 Ala. 99; *Maas & Schwarz v. Montgomery Iron Works*, 88 Ala. 324.

It follows, that the jury could have drawn no inference from the evidence to which we have alluded in denial of plaintiff's right of recovery, and the fact that such testimony was admitted furnishes no ground for imputing error to the court with respect to' giving the general charge in favor of the plaintiff.

The other objection to the court's action in this regard is based on the theory, that certain testimony of defendant afforded an inference that plaintiff had consented and agreed that he should apply this fifty dollars to the payment *pro tanto* of a debt which her deceased husband owed him. This evidence is the following: "I saw plaintiff, after the contract between me and F. W. King was executed. She told me to take charge of Ben F. King's business, to get his property together, to collect his accounts, to gather the crop, to ship the cotton, and to sell and dispose of the property and crops, to pay the expenses of gathering and shipping the crop, collecting property and accounts, and pay myself what Ben King owed me; to do the best I could with the business, and account to her for the balance." It is very manifest that this conversation had reference solely to matters provided for in the contract other than the fifty dollars therein stipulated unconditionally, and as an independent subject, to be paid to Mrs. King. But, were this otherwise—should it be considered that Mrs. King agreed that the fifty dollars which Ezell had promised to pay her for cypress timber should, if need be, be applied to the payment of the debt of her deceased husband—the agreement is without consideration, and void. It could have no effect upon any right she had in the absence of it, and evidence of it could not be looked to by the jury in determining whether the defendant owed her the sum sued for.— *Watson v. Reynolds*, 54 Ala. 191; *Maull v. Vaughan*, 45 Ala. 134.

There was no error in giving the affirmative charge for the plaintiff; and the judgment is affirmed.