# Snellgrove *v.* Evans.

### *Detinue.*

(Decided Feb. 10, 1910. 51 South. 560 )

1. *Detinue; Bona Fide Purchaser; Evidence.*—Where the action was detinue and the defense that of bona fide purchaser for value, the party pleading must first make satisfactory proof of purchase and payment, and establish the same independent of the recitals or declarations of the conveyance; but he needs only to prove that he made such purchase and payment without notice.

2. *Witnesses; Competency; Transactions With Decedent.*—The heirs at law and distributees of the deceased mortgagor are competent to testify to transaction between the deceased mortgagor and the mortgagee, in an action of detinue by the mortgagee against one claiming title to the property by virtue of a livery stable keeper's lien, attempted to be perfected under section 2774, Code 1896.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Detinue by John Evans against J. E. Snellgrove. Judgment for plaintiff and defendant appeals. For former report of this case see *Snellgrove v. Evans,* 145 Ala. 603; 40 South. 567. Affirmed.

[Snellgrove v. Evans.]

STREET & ISBELL, for appellant. It was encumbent upon the plaintiff to prove the bona fides of Snow's indebtedness to him independently of the recitals of the mortgage.—*Snellgrove v. Evans,* 145 Ala. 603. He attempted to do this by heirs or distributees of the estate of the deceased mortgagor. They were incompetent.— Sec. 1794, Code 896; *McDonald v. Jacobs,* 77 Ala. 524; *Skinner v. Chapman,* 78 Ala. 376. These witnesses were not called by the party to whom their interest is opposed, but by a party having an interest identical with theirs.—*Dolan v. Dolan,* 89 Ala. 256; *Sublett v. Hodges,* 88 Ala. 491. The court erred in giving written charge F.—*Dunklin v. Harvey,* 56 Ala. 177; *Wheeler v. McGuire,* 86 Ala. 398; *Goodbar v. Daniels,* 88 Ala. 587. Refused charge 1 properly states the burden and measure of proof, and should have been given.—*Snellgrove v. Evans, supra.* Charge 5 should have been given.— *Hodges v. Winston,* 95 Ala. 514.

GOODHUE & BLACKWOOD, for appellee. Notice to an agent to bind the principal must have reference to the business in which the agent is engaged by authority of his principal.—1 A. & E. Ency. of Law, 146; 46 Minn. 298. Notice is not to be extended to information or knowledge acquired by the agent which he receives outside of the line of his duty or while engaged in the transaction of his purely personal affairs.—*Frenkel v. Hudson,* 82 Ala. 158; *Goodbar v. Daniel,* 88 Ala. 583; *Reid v. Bank,* 70 Ala. 199; *Wheelan v. McCreary,* 64 Ala. 319; *New York & A. Contracting Co. v. Selma Saving Bank,* 51 Ala. 305; *Hinton v. Insurance Co.,* 63 Ala. 488; *Terrell v. Bank,* 12 Ala. 502. We insist that both of these witnesses were competent to testify, and on this proposition we cite the following cases.—*Austin v. Bean,* 101 Ala. 133; *Henry v. Hall,* 106 Ala. 84; *Kumpe v. Coons,*

63 Ala. 448; *Cromwell v. Horton,* 94 Ala. 649; *Huckaba
v. Abbott,* 87 Ala. 409; *Snider v. Burke,* 84 Ala. 53; *Mil-
ler v. Cannon,* 84 Ala. 60. Whatever may be the rule
in other states, the principles stated in charge F is the
rule in the State of Alabama.—*Reid v. Bank of Mobile,*
70 Ala. 199; 4 Mayfield's Dig. page 327.

MAYFIELD, J.—The defendant, Snellgrove, who is
the appellant, was sued by the plaintiff, John Evans, in
an action of detinue for two horses. The defendant
claimed title by virtue of a livery stable keeper's lien
for the feed and keep of the horses, under section 2774
of the Code of 1896. The plaintiff, Evans, claimed under
a subsequent mortgage alleged to have been executed
to him by the owner of the horses, one P. H. Snow,
dated September 19, 1903, due November 1, 1903, for
the sum of $135, payable to the plaintiff, Evans, em-
bracing the two horses sued for, and he insists that
under the circumstances he was a bona fide purchaser
for value of the horses. "The rule as to proof of bona
fide purchase is that the party pleading it must first
make satisfactory proof of purchase and payment. This
is affirmative defensive matter, in the nature of confes-
sion and avoidance, and the burden of proving it rests
on him who asserts it. This done, he need go no further
than prove he made such purchase and payment with-
out notice.—*Barton v. Barton,* 75 Ala. 400. Neither
will the mere recitals of the conveyance establish the
consideration, which must be established by proof inde-
pendent of said recital or declaration."—*Snellgrove v.
v. Evans,* 145 Ala. 603, 40 South. 567.

The plaintiff attempted to make this proof on this
trial by two distributees of the estate of the mortgagor,
Snow, viz., Ella and Sarah Snow. Their evidence was
taken by deposition, on interrogatories filed to them,

and these interrogatories called for evidence of transactions between said Snow and the plaintiff, and for nothing else. The "defendant, when the interrogatories were filed, before entering upon the trial, and when the depositions were offered, objected to the competency of these witnesses, on the ground that P. H. Snow was dead, and that his estate and said witnesses were interested in the result of this suit, and their testimony (as called for) related to transactions or statements by the deceased." When the depositions of these witnesses were read, the defendant again objected to separate parts of the answer of each—first, to the statement of Ella that "my brother (Snow) told him (Evans) that the mules were his; * * * he told Mrs. Evans to sell the mules, and he would get him a pair of horses in the place of them;" second, to the statement of Sarah Snow, "My brother told Mr. Evans to sell the mules, and that he would get him a pair of horses for them; * * * he sold the mules, and my brother failed to get the mares for him; * * * my brother compromised it by giving a mortgage on the two horses and a buggy." The exception reserved was, "To each separately, on the grounds of incompetency because of interest, as above stated (when the interrogatories were filed), and because illegal, irrelevant, and immaterial, and hearsay." The court overruled the objections, each separately, and defendant separately excepted to the overruling of each objection. It was shown that these sisters of P. H. Snow were his heirs at law and distributees of his estate. These witnesses were not competent to testify to transactions between the deceased and plaintiff.—Code 1896, § 1794, and authorities there cited; *Skinner v. Chapman*, 78 Ala. 376; *Dolan v. Dolan*, 89 Ala. 256, 7 South. 425; *Sublett v. Hodges*, 88 Ala. 491, 7 South. 296.

[Snellgrove v. Evans.]

The witness McCord testified that the mortgage was given in settlement of a former suit, and he dismissed the suit and paid the costs; that he had no connection with the defendant before the mortgage was given, and had no notice or knowledge that he (Snow) had anything against the team, or that they (the two horses) had ever been kept or fed at defendant's stable. It was shown that McCord became the attorney of plaintiff in June, 1903, to collect this debt from P. H. Snow. Defendant testified that McCord came to his stable where the horses were being kept, and asked him (defendant) if he had any claim on the horses, and he told him he had a feed bill against them; that he had kept and fed the team for Snow, who had paid him nothing on the team's feed and keep, and this was before the mortgage was given; that McCord came to his stable and asked where Snow was, saying he wanted to see him on business, and then asked defendant if he had anything against the horses, if Snow owed him anything on the team, and defendant replied, "Yes, sir; he does."

Defendant further testified that he presented his claim for the feed of the team, fully itemized, to Washburn, Snow's administrator, and demanded his pay; that the administrator failed to pay it for more than 10 days, and thereafter he advertised the horses for sale and sold them for the satisfaction of his debt; that they brought, one $100, and the other $95, and they were not worth over $100 each, and their use was not worth over $50 per annum. Washburn, the administrator of Snow, testified to substantially the same thing. The correctness of Snow's account for keeping the horses, amounting to $189, was admitted by plaintiff to be correct.

The foregoing opinion was prepared by Justice Haralson, but fails to receive the concurrence of the court. It is, however, expressive of the views of Justice May-

[Pinckard & Lay v. Bramlett]

field, and is adopted and announced as his dissenting opinion in this case. The majority of the court are of the opinion that the distributees of the estate of the deceased mortgagor were competent witnesses to testify as to the transactions between the decedent and the mortgagee, that they were not disqualified to testify as witnesses in this suit, and that therefore there was no error in allowing them so to do. All the Justices concur in the conclusion that there was no other reversible error in the record.

Affirmed.

DOWDELL, C. J., and SIMPSON, ANDERSON, SAYRE, and EVANS, JJ., concur. MAYFIELD, J., dissents.