# Phillips *v.* Morris.

## *Detinue.*

(Decided Dec. 1, 1910.    53 South. 1001.)

1. *Witnesses; Competency; Transaction With Decedent.*—Where the mortgagor is dead and the suit is in detinue by a mortgagee against one not in privity with the dead mortgagor, the mortgagee is competent to testify as to the amount due on the mortgage, since the estate of the dead mortgagor is not interested in the result of the suit, and section 4007, Code 1907, is without application.

2. *Appeal and Error; Harmless Error; Evidence.*—Where a reasonable attorney's fee is not within the issue and no recovery is had for such attorney's fee, any error in admitting evidence thereof is harmless.

3. *Detinue; Issue; Verdict.*—To support a judgment for the recovery of the property or its alternate value, in detinue, a verdict finding for the plaintiff for $60 for 2,000 pounds of seed cotton and $7.50 for 500 bundles of fodder, shows a sufficient finding for the specific property and the ascertainment of the value thereof.

4. *Same.*—In an action of detinue by a mortgagee against one not in privity with the mortgagor, such an one is not entitled to have the amount of the mortgage debt ascertained under section 3789, Code 1907.

5. *Same; Insane Person; Instructions.*—In an action of detinue by a mortgagee, where there was evidence of the insanity of the mortgagor at the time of the execution of the mortgage, a charge asserting that the presumption of sanity could be rebutted, and that if the jury was reasonably satisfied that the presumption had been overcome, and that the mortgagor was of unsound mind so that he did not understand the subject of the contract and its nature and probable consequences, they must find for the defendant, properly submitted the issues.

6. *Evidence; Burden of Proof.*—The jury need only be reasonably satisfied of the facts on which their verdict was based to justify a finding in a civil case.

APPEAL from Blount Circuit Court.

Heard before Hon. A. H. ALSTON.

Detinue by J. B. Morris against Delia Phillips. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The judgment was as follows: " 'We, the jury, find for the plaintiff, for $60.00, for 2,000 pounds of seed cotton, and $7.50, for 500 bundles of fodder.' It is therefore ordered, considered, and adjudged by the court that the plaintiff have judgment and recover of the defendant the said 2,000 pounds of seed cotton and 500 bundles of fodder, if the same can be had, or the alternate value thereof, to wit, $67.50, as found and assessed by the jury, and the cost of this suit, for which let execution issue." Then follows the judgment against the bond.

The oral charge referred to is as follows: "Which makes it her duty to establish to your satisfaction by a preponderance of the evidence that T. M. Phillips was insance at the time he executed the mortgage and did not know what he was doing," and "if you have a reasonable doubt of his sanity or insanity at that time, created by all the evidence, you would not be justified in finding your verdict in favor of the defendant on the gound of the insanity of T. M. Phillips."

The following charge was refused to the defendant: "(1) While it is true, on defendant's plea of insanity,

that the presumption of law is that T. M. Phillips was of sound mind at the time plaintiff's mortgage was executed, yet such presumption is not conclusive, and may be rebutted by evidence, and if the jury is reasonably satisfied from the evidence that such presumption is overcome by the evidence, and if the jury should be further reasonably satisfied from the evidence that said Phillips at the time he executed the mortgage of January 24, 1907, was of such unsound mind that he did not understand the subject of the contract, and its nature and probable consequences, then they must find for the defendant."

BILBRO & STEELE, for appellant. The plaintiff was not competent to prove the amount due on the mortgage as the mortgagor was dead.—Section 4007, Code 1907. Attorney's fees were not recoverable.—*Bynum v. Frederick,* 81 Ala. 489. The jury is required to be only reasonably satisfied of the facts upon which their verdict is based.—*Harris v. Russell,* 93 Ala. 68; *Rowe v. Barbour,* 93 Ala. 422; *Bernheim v. Newton,* 103 Ala. 525. The verdict was insufficient to support the judgment.—Sec. 3781, Code 1907. There was no ascertainment by the jury of the amount of the mortgage debt.—Section 3789, Code 1907.

THOMAS B. RUSSELL, for appellee. No brief reached the Reporter.

DOWDELL, C. J.—This is an action in detinue for the recovery of specific chattels. The plaintiff bases his title and right of recovery on a mortgage executed by one T. M. Phillips, since deceased.

The first contention in error is that the trial court erred in permitting the plaintiff against the objection of the defendant to testify as to the amount due on the

mortgage. This, upon the ground that the mortgagor being dead, plaintiff was incompetent under the statute to testify as to any transaction with the deceased. —Code 1907, § 4007. The contention is without merit. The suit is not one in which the estate of the deceased is interested in the result. The defendant does not pretend to hold in privity with the deceased mortgagor. As between the plaintiff and defendant, the result of the suit would determine nothing as to the interests of the decedent's estate, and hence his estate could not be interested in the result of the suit.—*Snellgrove v. Evans,* 165 Ala. 322, 51 South. 560.

The recovery of attorney's fees was not within the issues, and evidence as to reasonable attorney's fees was irrelevant and inadmissible; but as no recovery was had for such fees, the error of admitting this evidence was harmless.

While the verdict of the jury might have been more definitely expressed, we think it sufficiently shows a finding for the specific property sued for and for the ascertainment of the alternate value of the articles, respectively, to support the judgment.

The defendant not being the mortgagor, nor his transferee, nor holding under him, was not entitled to have the mortgage debt ascertained, under the provisions of the statute.—Code 1907, § 3789.

That part of the oral charge of the court set out in the bill of exceptions, and to which an exception was reserved, was error. To justify a verdict in a civil case, no more is required than that the jury should be reasonably satisfied of the facts upon which the verdict was based.—*Rowe v. Baber,* 93 Ala. 422, 8 South. 865; *Behrman v. Newton,* 103 Ala. 525, 15 South. 838; *Harris v. Russell,* 93 Ala. 68, 9 South. 541; 3 Mayfield's Digest, p. 598, § 3198, also p. 600, § 3236.

There was evidence tending to show the insanity of T. M. Phillips when he executed the mortgage, and under the issues on this phase of the evidence, we think that charge 1, requested by the defendant, correctly stated the law and should have been given, and that its refusal constituted reversible error.

For the error indicated, the judgment must be reversed.

Reversed and remanded.

SIMPSON, McCLELLAN, and MAYFIELD, JJ., concur.