# Peabody School Furniture Company
## v. Whitman, *et al.*

### *Assumpsit.*

(Decided November 14, 1912.   60 South. 470.)

*Bills and Notes; Parties; Individual Liability; Public Officers; Consideration.*—Where school furniture was bought on a credit extended to the board of trustees as such, and a note was given signed "Board of Trustees" and beneath such signature was that of "W., Chairman," and "M., Secretary," and no consideration passed to either M. or W., as individuals, and the agent of the payee knew that they had no intention to bind themselves personally, the note was not enforceable against them personally, and the court properly directed a verdict for them on their plea of want of consideration.

[Peabody School Furniture Company v. Whitman, et al.]

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Assupmsit by the Peabody School Furniture Company, against F. E. Whitman and another. Judgment for defendants and plaintiffs appeal. Affirmed.

JOHN A. LUSK & SON, and A. E. HAWKINS, for appellant. The contract was not for a principal and so bound the signers individually.—*Richmond L. Wks. v. Montague,* 119 Ala. 84; *Briel v. Exchange Nat. Bank,* 55 South. 81. The addition of the office, etc., does not exempt from personal liability.—Section 4977, Code 1907; Brannen's Negotia. Inst. Law, 25; 9 Atl. 466.

STREET & ISBELL, for appellee. An inspection of the note shows that there was no intention to become personally liable.—*Brown v. Sanders,* 144 Ala. 500; Sec. 1690, Code 1907. Where this is true, parol testimony is admissible to show the intention of the parties.—*Collins v. Hancock,* 59 Ala. 453; *Drake v. Flewellen,* 33 Ala. 106; *May v. Hewitt,* 33 Ala. 166; *Sanborn v. Neal,* 77 Am. Dec. 502. The court properly directed the verdict for defendants on their plea of failure of consideration.—*Richardson v. Fields,* 124 Ala. 535; *Witherington v. Hixon,* 45 Ala. 297.

·PELHAM, J.—The note sued upon is signed "Board of Trustees," and underneath these words are the signatures "E. F. Whitman," followed by the word "Chairman," and "G. M. E. Mann," followed by the abbreviation "Secy." The note is made payable to the appellant, and the appellees (defendants below), who do not deny executing the instrument as described, are sued individually, and do deny personal or individual

liability, and filed pleas of non est factum and want of consideration.

The evidence without conflict shows that the note was given for certain school furniture for the sole use and benefit of the Boaz school district, of which Whitman and Mann were respectively chairman and secretary of the board of trustees. It is also shown without contradiction that credit was extended to the board of trustees as such, and not to either Whitman or Mann as individuals; that there was no intention upon the part of Whitman or Mann, when they signed the obligation in the manner in which they did, to pledge their personal responsibility, either jointly or severally, for the payment of the note, and that this was well known to the payee's agent, who negotiated the transaction for the payee and accepted the obligation; and that there was no consideration moving to the said Whitman and Mann, or either of them, as individuals. Under this condition of the proof, as shown by the record in the case, the trial court properly gave the general charge requested in favor of the defendants on the plea of want of consideration, without regard to whether or not the manner or form in which the note was signed would make Whitman and Mann liable individually as obligors.—*Richardson Bros. & Co. v. Fields et al.*, 124 Ala. 535, 26 South. 981; *Ware Murphy & Co. v. Morgan & Duncan*, 67 Ala. 461; *Oldacre v. Stuart*, 122 Ala. 405, 25 South. 38; *Briel v. Exchange Nat. Bank*, 172 Ala. 475, 55 South. 808.

The action of the court in giving the general charge for the defendants being free from error, the judgment appealed from will be affirmed.

Affirmed.