# Orr, *et al. v.* Stewart.

## *Assumpsit.*

(Decided June 3, 1915.   69 South. 649.)

1. *Payment; Presumption.*—Upon proof that at the time of. his death, deceased had in his possession a note he had given to plaintiff, the rebuttable presumption is raised that the debt had been paid.

2. *Witnesses; Competency; Transaction With Decedent.*—Where defendant gave a note to take up a note given to plaintiff by deceased, and received an assignment from plaintiff of his claim against the estate, and thereafter it is urged that the debt had been paid by deceased, and that the note he had given to secure it was found in his possession, plaintiffs were not disqualified under section 4007, Code 1907, to testify thereto, the estate of deceased not being directly involved, and it not appearing otherwise that he was a fiduciary for defendant.

3. *Trial; Objections to Evidence.*—Where no proper objections were made to the question, the party objecting cannot complain of the admission of the evidence, even though it was inadmissible.

4. *Same; Review; Presentation of Grounds Below.*—Under rule 45, Supreme Court Practice, a party cannot speculate on the answer that will be given to a question, and then if objectionable have it stricken on motion; in order to be entitled to relief, such party. must show that objection was made to the question, or that the evidence was gratuitous.

5. *Witnesses; Knowledge.*—Although a witness had previously testified that he had no recollection as to certain facts, this does not render his subsequent statement concerning such facts inadmissible; it being for the jury to reconcile the conflict.

6. *Evidence; Collateral Issues.*—Unless there is a plain connection between the issues and the collateral facts sought to be introduced, such collateral fact is not admissible; hence, in an action on a note given by defendant to take up notes of a decedent, which defendants subsequently claimed had been paid by decedent, evidence of other transactions between plaintiff and deceased showing that deceased gave other notes prepared in the same manner as the one in question, was not admissible.

7. *Same; Accounts; Admissions.*—Although a failure to object to an account within a reasonable time is a prima facie admission of its correctness, yet parties who were not conversant with the matter make no such admission; hence, where defendant gave a note to take up one given by deceased, and did not object to the statement of his account with the plaintiff, they are not bound by this rule.

8. *Bills and Notes; Consideration.*—Where plaintiff held a note and mortgage which embraced property belonging to a decedent then

[Orr, et al. v. Stewart.]

in the possession of defendant, and the notes had not been paid, a note given by defendant to take up a note of decedent was supported by a valuable consideration; it being otherwise if the note of deceased had been paid.

9. *Same; Instruction.*—Where defendant subsequently claimed that the note given to plaintiff by deceased had been found among his effects at his death, and that there was a presumption of payment of the notes, a charge given at the request of plaintiff ignoring the question of the existence of an indebtedness due from deceased at the time defendant executed her note in payment thereof, was not erroneous.

10. *Same.*—A charge tending to mislead the jury to a conclusion that an express agreement was necessary for plaintiff's surrender of the note of decedent, and claim against the estate, to be a consideration for defendant's execution of their note in payment thereof, was refused without error.

11. *Charge of Court; Argumentative.*—Argumentative charges are refused without error, and should be refused.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Assumpsit by S. E. Stewart against Mrs. L. Orr and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

TROUP & NIX, and E. W. GODBEY, for appellant,

TIDWELL & SAMPLE, for appellee.

BROWN, J.—There are but two litigated questions in this case: First, whether the note and mortgage of October 1, 1909, for $726.18, given by D. W. Orr to the plaintiff, was paid by D. W. Orr in his lifetime; and, if not, whether the note sued on was given by the defendant and accepted by the plaintiff in payment of the indebtedness due from D. W. Orr to the plaintiff at the time of Orr's death.

(1) It seems to be conceded by the parties that, if the note was paid by D. W. Orr in his lifetime, then the indebtedness was paid in full before the note in suit was given. The defendants disavow any personal knowl-

edge as to whether the indebtedness represented by the said note and mortgage had been paid by D. W. Orr previous to his death, but produce the note and offer it in evidence and introduce proof tending to show that the identical paper was found among the papers of her deceased husband by Mrs. Orr a short time after his death, and before the note sued on was executed, and not until after the execution of the note in suit to close the account against her deceased husband's estate did Mrs. Orr discover that the amount of this note and mortgage found in the papers was charged in the account. If these phases of the evidence were believed by the jury, then the law raises a presumption, disputable of course by countervailing evidence, that the debt was paid by Orr before his death.—Jones on Ev. §§ 49, 57. To rebut this presumption the plaintiff was allowed to offer proof tending to show that the note was in the possession of the plaintiff after the death of Orr, and also to testify in his own behalf, over the objection of the defendants, that the note was not paid in full by Orr in his lifetime.

(2) The objection urged was that the plaintiff was disqualified to testify as to a transaction with Orr, the deceased, under the provisions of section 4007 of the Code. The estate of Orr is not directly interested in the result of this suit, and, as to the transaction under investigation, it is not shown that Orr, the deceased, acted in a representative or fiduciary relation to the defendants, nor is the title of any property derived from the deceased or his estate involved. Therefore the case is not brought within the rule of exclusion, and the objection was properly overruled.—*Gamble v. Whited,* 94 Ala. 335, 11 South. 293; *Butler v. Jones,* 80 Ala. 436, 2 South. 300; *Nelson v. Howison,* 122 Ala. 578, 25 South.

211.; *Howle v. Edwards,* 97 Ala. 649, 11 South. 748; *Dismukes v. Tolson,* 67 Ala. 386; *Phillips v. Morris,* 169 Ala. 460, 53 South. 1001; *Snellgrove v. Evans,* 165 Ala. 322, 51 South. 560.

(3) Mrs. Orr testified that she found this note for $726.18, and produced the note on the trial and identified it as the note she found. Therefore we do not see how the fact that Orr, the deceased, on other occasions previous to his death, had executed notes of like import, but in different amounts, and that such notes were surrendered to him on payment thereof, could be relevant to the issue in this case. If there had been any dispute as to the identity of the note the defendant had found among her husband's papers, a different question would be presented, but where, as in this case, the witness positively identified the note, the only question is whether the jury will accept that testimony as true. However, the only objection urged against the testimony of the plaintiff while testifying as a witness in this respect was that it related to a transaction with a deceased person whose estate is interested in the suit, and which, as we have shown, was not tenable. This was a waiver of all other grounds, and the court did not err in overruling the ground assigned.—*A. G. S. R. R. Co. v. Bailey,* 112 Ala. 167, 20 South. 313; *Sharp v. Hall,* 86 Ala. 110, 5 South. 497, 11 Am. St. Rep. 28; *McDaniel v. State,* 97 Ala. 14, 12 South. 241; *Reid v. State,* 168 Ala. 123.

(4) The court seems to have followed the rule announced in *Birmingham R., L. & P. Co. v. Seaborn,* 168 Ala. 658, 53 South. 243, and other cases, and after the witness Jackson on cross-examination testified that his recollection as to the facts had not been refreshed by the memorandum made on the books of the bank, and that his statements given in evidence were his conclu-

sions from the memorandum he had made, on motion of the defendant excluded all his evidence except that identifying the several memoranda, leaving before the jury only the evidence identifying the memoranda and the memoranda; but subsequent to this ruling the witness, on being further examined by plaintiff's counsel, testified that, in his best judgment, the note was in the bank until November, 1909, and after this statement was made the defendant moved to exclude it on the ground that it was a mere conclusion of the witness. So far as the record shows, no objection was made to the question calling for this testimony, and the judgment of the trial court will not be reversed for overruling this motion. A party cannot speculate on what the answer to a question will be, and then have the answer excluded.—*Rutledge v. Rowland,* 161 Ala. 123, 49 South. 114; *Creel v. Keith,* 148 Ala. 235, 41 South. 780. The question calling for this answer is not set out in the record, but to avoid the application of the rule above stated it is incumbent upon the appellant to show either that objection was made to the question calling for the testimony, or that the statement was gratuitous.— Supreme Court Rule 45 (175 Ala. xxi, 61 South. ix).

(5) The fact that Jackson had previously given testimony to the effect that he had no recollection about seeing the note at the time the memorandum was made showing an extension of the time of payment of the loan from the bank to the plaintiff would not justify the exclusion of his subsequent statement that, to the best of his recollection, he saw the note at the time of this transaction. It was for the jury to reconcile this seeming conflict in the evidence. It is not impossible that the recollection of the witness could have been refreshed and revived as a result of the examination he was subjected

to, and it is always permissible for a witness to testify according to his recollection.—*Reid v. State,* 168 Ala. 123, 53 South. 254.

(6) After plaintiff's witness Foote testified that he was the plaintiff's bookkeeper in 1909, and that he "delivered the old note for $726.18. due October 1, 1909, given by D. W. Orr to S. E. Stewart, to Mr. Wilhite, a collector, in the spring of 1910, to have the same renewed a day or two before the note sued on was executed, and that thereafter Wilhite brought in a note signed by W. A. Orr and Lattie Orr, and the number of the book and page of the record of the old note, but did not return the old note," he was allowed to testify over a timely and appropriate objection of the defendant, that prior to that time Mr. Stewart had several notes signed by D. W. Orr, on the same blanks, and identical with this note, with the exception of the date and amount, and that when Orr paid a note it was surrendered to him.

In this ruling the court erred. Mrs. Orr, as we have stated, while testifying as a witness, positively identified the note she claims to have found in her husband's papers after his death, and the witness Foote also identified the paper that he delivered to Wilhite, as the note in question, and the fact that Orr had on previous occasions (the evidence does not show when) given other notes, of a different amount, but of the same form and purport, in no way connected with the transaction, shed no light on the transaction, and injected into the case a collateral issue as a basis for speculation on the part of the jury as to which phase of the evidence they would believe. To justify evidence of a collateral fact there must be a plain and manifest connection between the issue in controversy and the collateral fact introduced

to sustain or rebut it, and must not be so indefinite or speculative as to be incapable of affording a reasonable inference of the truth or falsity of the issue.—*Brewer v. Watson,* 65 Ala. 88; *Thrash v. Bennett,* 57 Ala. 156; *Rodgers v. Crook,* 97 Ala. 722, 12 South. 108.

If Mrs. Orr found the note, which she positively identified, in her husband's papers a short time after his death and before the note sued on was given, it was not in the possession of the plaintiff at the time of Orr's death. On the other hand, if this identical note was delivered by Foote to Wilhite a short time before the note sued on was executed, it was not in Orr's papers at the time of his death, and the fact that at some indefinite time prior to his death other notes were given by him to Stewart sheds no light on the issue. The issue is one of veracity, which it was the province of the jury to determine.

(7) The account against D. W. Orr, which was the basis of the settlement and constituted the consideration of the note sued on, was not made by the defendant Lattie Orr, and the other defendant is only a surety. The undisputed evidence shows that she had no personal knowledge as to whether it was correct or not, and likewise it is clear, as we stated in the outset, that the only dispute is as to whether this note was paid by the deceased, Orr. Therefore the fact that the defendants did not dispute the account was not an admission of its correctness. The rule is, when an account is rendered and no objection is made within a reasonable time, this is an admission prima facie by the party charged that the account is correct.—Jones on Ev. § 287. The defendants' objection to the question calling for this evidence should have been sustained.

[Orr, et al. v. Stewart.]

(8) There was evidence tending to show that the plaintiff held a note and mortgage against the deceased, Orr, which embraced property in the possession of the defendant Lattie Orr at the time the note sued on was given, and that this note was surrendered to her in consideration of the execution of the note sued on. If the note which was surrendered had not been paid, the surrender of the old note and mortgage was sufficient consideration to sustain the note sued on, and the affirmative charge was well refused.—*Vaghn v. Bass*, 10 Ala. App. 388, 64 South. 543. If the note for $726.18 was paid by D. W. Orr before his death, and, taking into consideration the payment made by the defendants after the death of D. W. Orr, the indebtedness was paid in full, then the surrender of the note and mortgage by plaintiff would not be sufficient consideration to sustain the note sued on.—*Bullock v. Ogburn*, 13 Ala. 346; *Fluker v. Henry*, 27 Ala. 403; *Stark v. Henderson*, 30 Ala. 438; *Drake v. Flewellen*, 33 Ala. 110.

(9) The second charge given at the instance of the plaintiff, standing alone, ignores the question of the existence of an indebtedness due from the estate of D. W. Orr to the plaintiff at the time the note sued on was given, but, when referred to the evidence and construed in the light of the fact that the only evidence that tends to show payment of the old note was that it was found with the papers of the deceased Orr soon after his death, the charge was not erroneous.

(10) If there was an indebtedness due plaintiff from the estate of Orr at the time the note sued on was given, and the note was given and accepted in settlement of of this indebtedness, and the claim against the estate surrendered to the defendant Lattie Orr, this would be sufficient consideration for the note sued on, and while

charge A refused to defendants in effect asserts this proposition, it has a tendency to mislead the jury to the conclusion that an express agreement to that effect was necessary, and for this reason was properly refused.

(11) The second written charge, numbered B, refused to the defendant, was argumentative, and was properly refused.

The other charges are not insisted on by appellant in argument as error, and will not be considered.

For the errors pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.