ELIJAH COPELAND & another *vs.* WADING RIVER RESERVOIR COMPANY.

A. and B. agreed under seal to submit to referees the question of what sum A. should pay for such land of B. as he desired to flow, and that A. should pay such sum, and B. give a deed of the land "so to be flowed." They afterwards orally agreed that the award might include also land damaged by the flowing, and the award did include land so damaged and not flowed. *Held*, that neither party was bound by the award.

CONTRACT to recover the amount awarded by referees to be paid to the plaintiffs for a tract of land. Trial in this court, before *Colt*, J., who reported the following case:

The plaintiffs and defendants entered into an agreement under seal, reciting the desire of the defendants to flow a tract of land belonging to the plaintiffs, and providing that certain persons named as referees should award and determine the sum to be paid by the defendants to the plaintiffs " for what land they may wish to flow ; " that the defendants should pay such sum ; and that the plaintiffs should give a deed of the land " so to be flowed."

At the hearing before the referees the parties orally agreed that the referees might include in their award " all the land they should find to be damaged." The greater part of the plaintiffs' land was flowed or damaged by the flowing, but there were two narrow strips of land not at all affected by the water ; and one of the referees testified that these strips of land were so small, and, by being cut off from other lands of the plaintiffs, were so comparatively worthless, that the referees understood from the oral agreement of the parties that they were authorized to include them in the award.

The referees awarded that the defendants should pay a certain sum on the delivery to them of a deed of all the plaintiffs' land, " being about two acres more than the reservoir company desire to flow ; " and in the award they stated : " We have included the whole tract, because the parties agreed orally before us that we might so award."

The plaintiffs tendered to the defendants a deed of the whole tract, but the defendants refused to receive it and contended that the award, being entire for the whole tract, was wholly void, as not being within the written submission ; and this question was reserved for the judgment of the full court.

*J. H. Dean,* for the plaintiffs.

*E. H. Bennett,* for the defendants.

CHAPMAN, C. J. The award was made upon a submission which was originally in writing, and related only to such land as the defendants might wish to flow. It was afterwards enlarged by an oral agreement, so as to include upland not flowed, but injured by being separated from other land. An award thus made in part under a mere oral power would not bind the plaintiffs to convey the land. *Walters* v. *Morgan,* 2 Cox Ch. 369. *French*

v. *New*, 28 N. Y. 147. As the plaintiffs were left at their option whether to perform it or not, the defendants could not be bound, for the submission expressly required an award that should bind both parties. *Judgment for the defendants.*