# Brown, Admr., v. Mize.

*Bill in Equity to Confirm an Arbitration and Award.*

1. *Submission to arbitrators by married woman.*—A submission to arbitration is a contract; consequently, the parties thereto must have a general legal capacity to contract. Under the married woman's law of 1887 a submission by a married woman must have been executed as required by Code of 1886, §2346.

2. *Submission and award; how executed.*—A submission to arbitration may be either oral, in writing, or under seal, depending on the subject matter of the arbitration. If a writing is necessary to pass title to the thing in controversy, a submission and award, disposing of such title, to be valid, must be in writing.

3. *Presumption that contract conforms to law.*—The general presumption of law is, nothing appearing to the contrary, that every one has conformed to the law, and the burden of proof is on him who alleges to the contrary. The submission to arbitrators of a controversy relating to lands, nothing to the contrary appearing, will be presumed to have been in writing, by parties capable of contracting, and executed in the manner required by law.

4. *Award must conform to submission; when invalid in whole or in part.*—An award must conform to the submission, which is the limit of the authority of the arbitrators, and any excess of it is void. It may be good as to the residue, if that which is good and bad are so disconnected, that the one is not dependent on, or does not enter into, the consideration of the other.

5. *Arbitration for assignment of dower; setting apart a different estate void.*—On a submission to arbitration for the assignment of the widow's dower, an award granting the widow an interest in the lands of the deceased husband's estate absolutely, in lieu of dower, is not authorized.

6. *Award valid in part; case at bar.*—On a submission to arbitrators of the claim of the widow to have the title to certain lands, alleged to have been purchased by the husband with funds the statutory separate estate of the wife, divested out of the heirs, and to have dower assigned in other lands, an award giving the widow the lands purchased with her funds is valid and capable of standing independent of the other provisions of the award making disposition of the other lands of the deceased husband not authorized by the submission.

[Brown, Admr. v. Mize.]

7. *Interest of personal representative in lands.*—A personal representative has no interest in his intestate's lands; they pass, as at common law, to the heir at the instant of the death of the ancestor, subject to be intercepted by the power conferred by the statute on the personal representative, to be exercised in the mode and for the purposes specified by statute—to pay debts of the deceased, or to effect a division between the heirs. A prayer to a bill seeking to have the legal title to lands, of which the intestate owned the equitable title, divested, and vested in the personal representative, instead of the heirs, is improper, although it is also prayed that the lands be sold at the same time for the payment of debts.

8. *Limitation of actions; exception in favor of personal representative.*—In computing the time within which suits may be brought by a personal representative to enforce an award in favor of his intestate, the time between the death of the intestate and the grant of letters of administration, not exceeding six months, is excluded. (Code of 1896, §2815.)

9. *Stale demands; the subject of arbitration.*—If parties *sui juris* consent in proper form to arbitrate with the widow, as to whether her money was used by her husband in the purchase of lands, the title to which he took in his own name, and do arbitrate that matter, and the lands are given to her by arbitrators, they will, thereafter, be estopped to deny that they were hers, or set up that her demand was stale at the time of the arbitration, unless she did something afterwards to estop and bar her from asserting her rights.

10. *Motion to dismiss; bill treated as amended.*—It is a well settled rule of practice in this State, that a motion to dismiss a bill for want of equity should be sustained only, when, admitting all the facts apparent on the face of the bill, whether well or illy pleaded, the complainant can have no relief; and, that the bill, for the purposes of such motion, will be considered as already amended, if it is apparent upon a proper statement of the facts and appropriate prayer, equitable relief may be obtained.

11. *Description of lands; when sufficient.*—An award describing the lands awarded as "one hundred and twenty acres of land on which she (grantee) now resides, she having furnished the purchase money for the same," is not void for uncertainty in description.

APPEAL from St. Clair Chancery Court.

Tried before the Hon. J. R. DOWDELL.

The purpose for which the bill was filed, the facts averred therein, and the relief prayed for, are sufficiently stated in the opinion. The defendants moved to dismiss the bill for want of equity, and also demurred upon the

following grounds: "1. Because complainant fails to show in and by his bill of complaint that he, as administrator of the estate of Sarah A. Forman, deceased, has any interest in the lands mentioned and described in said bill. 2. Because complainant shows in and by his bill of complaint that he, as administrator of the estate of Sarah A. Forman, deceased, has no interest in the lands mentioned and described in said bill. 3. Because complainant fails to show in and by his said bill of complaint that Sarah A. Forman did not know, in December, 1857, at the time David Forman purchased and paid for the lands and took title thereto in his own name, as set forth in paragraph first of the said bill, were paid for with money belonging to her said separate statutory estate, and that she did not knowingly acquiesce in and ratify such use of her said money and title being vested in her said husband for more than twenty years. 4. Because complainant shows in and by his bill of complaint that any claim or demand that the said Sarah A. Forman might have had in and to the lands mentioned and described in paragraph (one) of his bill was a stale claim or demand in 1890, when she spoke of instituting proceedings to have the same enforced, as stated in paragraph (four) of said bill. 6. Because complainant fails to show in and by his said bill of complaint what matters in controversy, if any, were submitted by Sarah A. Forman and the heirs of David Forman, deceased, for arbitration. 7. Because complainant fails to show in and by his bill of complaint that there were any matters in controversy between the said Sarah A. Forman and the heirs of David Forman, deceased, and that the same were submitted to the arbitrators named in paragraph four of his said bill. 8. Because complainant shows in and by his said bill that the matters, if any, in controversy between the said Sarah A. Forman and the heirs of David Forman, deceased, in 1890, related to land or an interest therein, and complainant fails to show that the alleged agreement between the said Sarah A. Forman and the heirs of David Forman, deceased, to submit such matters in controversy to arbitration was in writing and signed by the parties to be bound thereby. 9. Because complainant shows in and by his said bill that the alleged agreement entered into between the said Sarah A. Forman and the heirs of David Forman, deceased, to

submit the matters in controversy, if any, between them, to arbitration, was void under the statute of frauds. 11. Because complainant fails to show in and by his bill that all the heirs of David Forman, deceased, were of age and competent to agree to an arbitration in 1890, when the alleged agreement was made betweeen them and the said Sarah A. Forman, as stated in said bill. 12. Because complainant shows in and by his said bill that all of the heirs of the said David Forman, deceased, were not of full age and competent to agree to submit the alleged matters in controversy for arbitration in 1890. 15. Because complainant shows in and by his said bill that the said arbitrators, in making the award as attached to said bill and marked exhibit "A," transcended their authority in that they attempted to administer the entire estate of the said David Forman, deceased, when it is not shown that any matters were in controversy other than the alleged claims or demands of the said Sarah A. Forman to the lands described in paragraph (one) and dower to the remaining lands. 16. Because complainant shows in and by said bill and award of the arbitrators attached thereto, marked exhibit "A," that said award is indefinite, uncertain, and void. 17. Because complainant fails to show in and by his said bill that at the time of the making of the alleged award by said arbitrators that the said Sarah A. Forman resided upon the lands mentioned and described in paragraph (one) of his said bill. 18. Because said award of said arbitrators, as attached to complainant's bill and marked exhibit "A," fails to describe any lands, and the same is indefinite and uncertain as to what lands the said arbitrators intended to award to the said Sarah A. Forman. 19. Because said award, as attached to complainant's bill and marked exhibit "A," shows on its face that the said arbitrators transcended their authority in attempting to award to the said Sarah A. Forman, in fee simple, a child's part of the land described in paragraph (two) of his said bill. 22. Because complainant shows in and by his said bill that the alleged arbitration and award was had and made more than six years before the institution of this suit, and said award not being under seal or made and entered as the judgment of a court of record, the same is barred by the statute of limitation of six years." The description of the lands in the award made the basis

of 18th ground of demurrer, was as follows: "One.hundred and twenty acres of land on which she (Mrs. Forman) now resides, she having furnished the purchase money .for the same." The ·chancellor decreed that the demurrers ·above be sustained, and that the motion to dismiss the bill for the want of equity be sustained. · From this decree the complainant appeals,· and assigns the rendition thereof as error.

INZER & GREENE, for appellant, cited the following authorities to show the several grounds of demurrer were not well taken: Numbers 1 and 2, Code, 1896, §§1453, 156; numbers 3 and 4; Code of 1886, §2624; *Nettles v. Nettles*, 67 Ala. 599; *Harold v. Weaver*, 72 Ala. 373; *McMillan v. Rushing*, 80 Ala. 402; *Duncan v. Williams*, 89 Ala. 341; No. 5, Code of 1896, §509; Nos. 6, 7, 8, 9 and 10; *Byrd v. Oden*, 9 Ala..755; *Martin v. Chapman*, 1 Ala. 278; *Price v. Kirby*, 1 Ala. 184; 1 Am. & Eng. Encyc. of Law, (1st ed.), 655; number 22, *Wolff v. Shelton*, 51 Ala. 425; *Burns v. Hendricks*, 54 Ala. 78; *Graham v. Mattison*, 59 Ala. 302; *Tuscaloosa Pr. Co. v. Jemison*, 33 Ala. 476; *Moore v. Nelms*, 74 Ala. 368; 1 Am. & Eng. Encyc. of Law, (1st ed.), pp. 698, 713-4.

JNO. A. INZER and M. M. SMITH, *contra.*—Complainant's demand was stale.—*Nettles v. Nettles*, 67 Ala. 599; 57 Amer. Dec. 606; 4 Lawson's Rights, Rem. and Pr. §§2035, 2036. The submission for award not being in writing, was void under the statute of frauds.—14 Amer. Dec. 76; 36 *Ib.* 718; 6 Law. Rights, Rem. and Pr. §3311; 105 Mass. 391. Filing a bill to enforce an award adopts it as a contract, and it is barred in six years. Code, 1886, §2615; 6 Law. Rights, Rem. and Pr. §3400; *Ballowe v. Underhill*, 4 Ill. 453. The award is void so far as it embraces matters not submitted.—6 Law. Rights, Rem. and Pr. §§3381, 3382.

HARALSON, J.—The bill was filed by "John P. Neely, sheriff of St. Clair county and *ex officio* administrator of the estate of Sarah A. Forman, deceased." It was subsequently amended, as appears, "by complainant, by striking out the name.of J. P. Neely, sheriff, and inserting the name of A. C. Brown, his successor in office as sheriff,. as the party complainant."

[Brown, Admr. v. Mize.]

Looking to the prayer of the bill for the objects for which it was filed, it would seem that its primary object was, to have the court decree a ratification and confirmation of a certain arbitration and award alleged to have been made by and between the said Sarah A. Forman, in her lifetime, and the heirs of David Forman, her husband, in respect to 120 acres of land belonging to his estate, the title to which said Sarah claimed was equitably hers, and to have her dower interest in the remainder of his lands, set apart to her.

It is alleged that her husband, the said David Forman, in December, 1857, purchased 120 acres of land, which is particularly described, taking title thereto in his own name, but that he paid for said lands with the money belonging to said Sarah, his wife, as a part of the *corpus* of her separate estate, and that said conveyance was made to the said David without the consent of his said wife.

It is further alleged that said David Forman died on the 13th of February, 1877, owning other lands in the county of St. Clair besides the 120 acres above referred to, which other lands are fully described; that there was never any administration on his estate; that there are now no valid debts existing against him, and said lands still belong to his estate; that during his lifetime he conveyed to his son, Wm. C. Forman, 120 acres of land, for the sum of $500, taking the promissory note of said William therefor, no part of which was ever paid by him.

It is not shown by any direct averment of the bill that the said Sarah A. Forman was ever in possession of said 120 acres of land, or that she ever laid claim thereto in her husband's lifetime, or at any time thereafter, prior to the year 1890; but it is averred that prior to August of the last named year she desired to have the title to said 120 acres divested out of the heirs of her said husband, and invested in her, and spoke of instituting legal proceedings for that purpose, and for the purpose of having dower in the remaining lands of her said husband's estate assigned to her, and of administering on his estate for the purpose of selling sufficient property for the payment of his debts. What debts he owned, if any, and what property he left at his death, besides the lands mentioned, is not stated. "Whereupon" (as is the averment) "it was agreed between the said Sarah A. For-

man, deceased, and all of the heirs of the said David Forman, deceased, that all of said matters in controversy be submitted to arbitration, and that (five persons, whose names are stated,) were duly selected by the parties as arbitrators, who, after giving notice to the parties and hearing the evidence and proofs submitted by the parties, made their award, reduced it to writing, and served the parties to said arbitration, or their duly authorized agents, each, with a copy thereof."

It is then averred that the arbitrators awarded to said Wm. C. Forman his purchase money not for the lands sold to him by his father, in full, as stated, "of his share of the lands and estate of said David Forman, deceased, on condition that he should pay one-fifth part of the debts against said estate. To the said Sarah A. Forman, deceased, they awarded the 120 acres of land described in the first paragraph of the bill,  *  *  and also a child's part in the other lands belonging to the estate of said David Forman, deceased, described in the second paragraph of this bill of complaint, said child's part being on condition that she should pay her proportionate part of the debts against the estate of said David Forman, deceased, after the said Wm. C. Forman had paid the one-fifth part thereof. And they further awarded, that all the remaining lands belonging to the estate of said David Forman, deceased, should be sold by due process of law, and the money arising therefrom, after paying the remaining part of the debts against said estate, be equally divided among all the heirs of said David Forman, deceased, except the said Wm. C. Forman, who was not to share therein." A copy of the award is attached to the bill.

It will be observed in respect to this submission of award, that it does not set out the names and ages of the heirs of said David Forman, and which, if any, were infants or married women, and if any were married, that they entered into the contract of arbitration with the assent and concurrence of their husbands expressed in writing.

A submission to arbitration is a contract, and, consequently, the parties thereto must have a general legal capacity to contract. If any were married women, under our statute—section 2346 of Code of 1886, being in effect when this contract of submission was made—they would

have had to contract in the manner required by that section.—Morse on Arb. & Award, pp. 1, 27. The general presumption of law is, nothing appearing to the contrary, that every one has conformed to the law, and the burden of proof is on him who alleges to the contrary. 19 Am. & Eng. Encyc. of Law, 42.

Again, it is generally recognized, that a submission to arbitration may be either oral, in writing or under seal, depending on the subject-matter of the arbitration. If a writing is necessary to pass title to the thing in controversy, an award, disposing of such title, to be valid, must be in writing.—1 Am. & Eng. Encyc. of Law, 655; Morse on A. & A. 51; *Ib.* 257; 6 Lawson R. & R., §3312; *Byrd v. Odem*, 9 Ala. 766; *Slack v. Cannedy*, 3 Litt. 309, s. c. 14 Am. Dec. 79; *Philbrick v. Preble*, 18 Me. 255, s. c. 36 Am. Dec. 718; *Copeland v. R. R. Co.*, 105 Mass. 397.

In this case, it does not appear whether the submission was oral or written, but the presumption is, nothing appearing to the contrary, that it was in writing.—19 Am. & Eng. Encyc. of Law, 42, 45.

An award must conform to the submission. That is the limit of the authority of the arbitrators, and any excess of it is void.—*Bogan v. Daughdrill*, 51 Ala. 312; Morse on A. & A. 181. It may be good as to the residue, if that which is good and bad are so disconnected that the one is not dependent on or does not enter into the consideration of the other.—*Ehrman v. Stanfield*, 80 Ala. 121; *Reynolds v. Reynolds*, 15 Ala. 398; 2 Am. & Eng. Encyc. of Law, (2d ed.), 738; 1 *Ib.*, (1st ed.), 710.

What the purpose and scope of the submission here were, purports to be fully set out in the 4th section of the bill. They were, that Sarah A. Forman was desirous of having the title to the 120 acres of land, into which she claimed her money went, divested out of the heirs of David Forman, deceased, and invested in her; to have her dower assigned to her out of the remaining lands of her husband; and she also spoke of administering on her deceased husband's estate, in order to sell sufficient property to pay his debts. She spoke of instituting legal proceedings for these purposes. This occurred in 1890, more than 30 years after her husband bought these lands, and more than thirteen years after his death, on whose estate there had been no administration, and who, except from inferential statements in the bill, owed no debts.

at the time he died. The real matter that she was concerned in, was to get her title to said 120 acres of land out of her husband's heirs, and have the same invested in her, and to have her dower in his other lands assigned to her.

The award, as we have seen, gave Mrs. Forman the 120 acres of land she claimed, and a child's part in the other lands of her husband, on condition of her paying a certain part of his debts. This last was, no doubt, intended to be in lieu of dower in the remaining lands of the estate. But this latter finding cannot be taken as responsive to the matters submitted as to dower. The award must be in accordance with the submission in this respect—which was for an assignment of dower—and not something in lieu of dower. This was done, as the award states, for the reason that the widow agreed to take only a child's part of the remainder of the estate. Her agreement so to do, without the agreement of the other parties in interest, as shown by the submission, did not confer power on the arbitrators to so award.—*Bogan v. Daughdrill, supra.* The arbitrators went further still, and settled the interest of Wm. C. Forman in his father's estate, and his indebtedness thereto; directed a sale of the remaining lands of the estate, the proceeds to be "equally divided among all the heirs of said David Forman, deceased, except the said Wm. C. Forman, who was not to share therein." They thus directed the proceeds of the sale of the land to be divided among the heirs *per capita,* and not *per stirpes,* when, as will be seen hereafter, some of his children had died leaving children. These latter provisions were also clearly outside the matters submitted to the arbitrators, and to this extent, at least, they exceeded their authority.

The bill shows that said David Forman died leaving eight children, four sons and four daughters—and that one, a daughter, Martha Kendall, died in her father's lifetime, leaving a son, Reuben King, and a daughter, Callie King, both alleged to be minors at the time of filing of the bill, over the age of fourteen years. They were certainly not parties to the submission, and are not bound thereby. One of the sons, Daniel E., died after his father's decease, leaving two children, a son and a daughter.

It is then averred, "that no appeal was taken from said

award and arbitration, and no objection made thereto by any of the parties in interest; that said Sarah A. Forman, deceased, accepted said award, and was ready and willing and offered to comply with the terms thereof, and did comply with the same, and paid off and settled her part of the debts against the estate of said David Forman, deceased, but    *    that the other parties to said arbitration failed and refused to execute to the said Sarah A. Forman, deceased, a deed or deeds conveying the lands so awarded to her." It is averred, that she died, leaving two sons and a daughter, children by her said husband David; that her estate owes about $250; that the personal property of her estate is insufficient to pay that sum, and that it is necessary to sell her lands for the purpose of paying the said indebtedness.

It is again stated, that the remaining lands of the estate of said David Forman cannot be equitably partitioned or divided without a sale thereof, and that it is necessary to sell said lands, that the proceeds thereof may be divided among those entitled. It is stated that these proceeds should be divided into 48 shares, to which complainant, as administrator of said Sarah A., is entitled to 6 shares; six of the children to 6 shares each; two others to 2 shares each, and two others to one share each. How this can be, when there are only nine children, or the descendants of children, representing deceased's children, entitled to distribution, is not fully perceived; and how Mrs. Sarah A. Forman's estate was to receive six shares, when the award gave her a child's part, does not clearly appear.

The prayer of the bill is, for a decree ratifying and confirming the said award by said arbitrators, divesting the title to the lands described in the first paragraph of the bill—the 120 acres claimed by Mrs. Forman—out of the heirs at law of the said David Forman, deceased, and investing it in the present complainant, as administrator of the estate of said Sarah A. Forman, deceased, and for an order for the sale of the same for the payment of the debts of Mrs. Forman; for a divesture of the title to an undivided one-eighth interest in the remaining lands of said David Forman, deceased, out of his heirs and investing the same in complainant, as such administrator, and that the lands of said estate of David Forman be sold for division among the joint owners, the share of

complainant to be used by him in payment of the debts of the estate of Sarah A. Forman. There is no prayer for general relief.

There seems to be an inconsistency if not repugnancy, in this prayer, in seeking to divest the title of one-eighth of the lands of the estate of David Forman out of his heirs, and investing it in complainant as administrator, and yet, praying that the whole of said lands be sold and one-eighth of the proceeds given to complainant, as administrator of Sarah A. Forman, with which to pay her debts. If these lands may be sold as prayed, and the proceeds given, on division, after sale, to complainant as administrator of his intestate, it would seem that there would be no necessity to divest the title to one-eighth of the whole of the lands out of David Forman's heirs and invest the same in complainant, as administrator, for if this were done they would no longer be the lands of the estate of said David, and could not be sold as such; and, if they are to be sold as the lands of said David's estate, and the proceeds divided, one-eighth to complainant as administrator, there would be no necessity or propriety for the divestiture of the title to an eighth thereof out of his heirs, as prayed for. Again, the relation of an administrator to the lands of his intestate is regulated by statute. He has no interest in his intestate's lands. They pass, as at common law, to the heir, at the instant of the death of the ancestor, subject to be intercepted by the power conferred by statute on the personal representative, to be exercised in the mode and for the purposes specified by statute—to pay debts of the deceased, or to effect a division between the heirs.—*Stovall v. Clay,* 108 Ala. 105; *Banks v. Speers,* 97 Ala. 560; *Calhoun v. Fletcher,* 63 Ala. 574. The prayer as to this one-eighth of the remainder of the lands of said David Forman should have been, to have the title to the same, when and if divested out of said David Forman's heirs, invested in the heirs of Sarah A. Forman, and then, if a proper case were made for the purposes specified in the statute to authorize it, that they might be sold by her administrator. And this applies with like force to the 120 acres claimed by complainant for his intestate under said award. If the title should be divested by decree out of the heirs of said David, it should be invested in the heirs of said Sarah A. and not in the administrator.

Without reference to the question of staleness of demand, insisted on by the appellees, it will readily occur to any one, if such of the parties as were *sui juris,* in proper form, consented to arbitrate with Mrs. Forman, as to whether her money was used by her husband in the purchase of the land, the title to which he took in his own name, and did arbitrate that matter, and the lands were given to her by the arbitrators, they would, thereafter, be estopped to deny that they were hers, unless she did something afterwards to estop and bar her from asserting her right.

The award was made on the 5th of August, 1890. The bill avers that Mrs. Forman accepted said award and was ready and willing, and offered to comply with its terms, but that the other parties to said arbitration failed and refused to execute to said Sarah, a deed or deeds conveying the lands so awarded to her.

It appears that the bill was filed on the 26th of August, 1896, more than six years after the death of Mrs. Forman. If this period would bar the right of complainant to institute this suit, as it is contended it does, the statute, section 2815 of the Code of 1896, section 2632 of the Code of 1886, relieves the case of the bar, by directing that the time between the death of a person and the grant of letters testamentary or of administration, not exceeding six months, shall not be computed as any part of the time limited for the commencement of actions.

The demand is not void for uncertainty in the description of the 120 acres of land to be conveyed to Mrs. Forman. By the terms of the alleged submission and by the award itself, the land was susceptible of identification. What the parties to the submission and the arbitrators intended in this respect is certain to a common intent, and any apparent indefiniteness can be made clear. Morse on A. & A. 408, 428, 429.

It reasonably appears, also, that the award as to the 120 acres, clearly within the terms of the submission, as stated, is capable of standing alone, independent of that part of the award which was in excess of the submission, and not at all dependent the one upon the other. The latter may be eliminated without defeating the intention of the parties as to the other.—Authorities *supra.*

It is a well settled rule of practice in this State, that

[Brown, Admr. v. Mize.]

a motion to dismiss a bill for want of equity should be sustained only when, admitting all the facts apparent on the face of the bill, whether well or illy pleaded, the complainant can have no relief, and that the bill for the purposes of such a motion, will be considered as already amended, if it is apparent upon a proper statement of the facts, and appropriate prayer, equitable relief may be obtained.—*Bell v. Montgomery Light Co.,* 103 Ala. 275, and authorities there cited.

It appears that this bill, and its prayer, now manifestly lacking in proper averments and prayer for any part of the relief prayed, may be so amended as will authorize relief certainly as to the 120 acres of land, if the proofs sustain the averments. The bill should not, therefore, have been dismissed for want of equity. It was demurred to on many grounds, and the cause was submitted on the demurrer, as well as on the motion to dismiss for want of equity. The demurrer was also sustained, and the bill was dismissed on this account, as well as on the motion to dismiss. The complainant was given thirty days within which to amend, the decree having been rendered in vacation.

The bill contains imperfections inviting demurrer, but the grounds assigned do not reach them. We have reviewed the case at greater length than was desirable, but have supposed the course we have pursued to be the better one, to enable the parties to prepare and try the case after reversal, without liability to error. If the complainant shall not amend, the real defects in his bill may be easily reached by demurrer.

It may be proper to add, that among the grounds of demurrer assigned, that of multifariousness is not suggested. It may be that the bill is liable to this vice, but this question we will not now decide.

A decree will be here entered overruling the demurrer and the motion to dismiss, and the cause will be remanded.

Reversed, rendered and remanded.