# Coleman *v.* Butt.

*Bill in Equity to open Right of Way and to enjoin Obstruction thereof.*

1. *Equity pleading; how bill considered on motion to dismiss for want of equity.*—On a motion to dismiss a bill for the want of equity, all the averments of the bill, whether well or illy pleaded, will be considered as true, and all amendments that could be properly made to inject equity into a bill that otherwise did not contain equity, will be presumed to have been made; and if it is apparent upon all the averments of the bill and upon the amendments that could be properly made, the bill does, or would, contain equity, the motion to dismiss it should be overruled.

2. *Easement; court of equity has jurisdiction to protect enjoyment thereof.*—A bill in equity which avers that the complainant was in the enjoyment of a right of way over lands of the defendant, which right of way had been purchased from and granted by the defendant's grantor to the grantor of the complainant, and that while the complainant was in the enjoyment of such easement, the defendant obstructed the use thereof and then prays that such right of way be opened and that the defendant be perpetually enjoined from obstructing the same, contains equity; a court of chancery having jurisdiction to enforce and to protect the enjoyment of easements annexed to private estates.

3. *Chancery pleadings; effect of sustaining one ground of demurrer; defendant can not appeal.*—Where a bill in chancery is demurred to on several grounds and one of tne grounds of the demurrer is sustained, the effect of such decree is to sustain the whole demurrer and put the case out of court, unless the bill is amended; and from such decree the defendant can not appeal.

APPEAL from the City Court of Talladega, in Equity. Heard before the Hon. G. K. MILLER.

The appellee, complainant in the court below, filed his bill against the appellant, seeking to have a right of way established over certain lands, which right of way

he claimed by express grant as a purchaser from the original grantee, and over lands which the respondent below acquired by purchase from the original grantor, and seeking to have the right of way defined and opened, and the respondent enjoined from further disturbance of the same, and also asking for damages sustained by the complainant from the respondent's wrongful denial and disturbance of this right of way. The facts as disclosed by the bill were as follows: The instrument under which the complainant claimed his right of way was an agreement or deed of division made in 1862 between H. W. Coleman, father of respondent, and F. Austin Butt, father of complainant. This agreement or deed divided between these parties lands jointly owned by them, the lands falling to Butt being cut off from a certain creek and road, by the land falling to Coleman, and as a part of the consideration of the deed it was agreed "that the said Coleman is to allow the said Butt and his assigns a free passage to Talasahatchy creek on the eastern boundary of said tract of land." The land acquired by Coleman by this division afterwards became the property of the respondent, Coleman, and that acquired by Butt became the property of the complainant, Butt; the road having been opened as provided along the eastern boundary of this land, which road was afterwards, after being used for many years, closed up by the respondent Coleman, and its use refused to the complainant. The complainant sues to have the road opened under the direction of the court, and asks for such damages as he may have sustained by the denial of his right of way. The respondent moved the court to dismiss the bill for want of equity. The respondent also filed thirty-one grounds of demurrer to the bill. These demurrers set up in different ways three imperfections in the bill which may be concisely stated as follows: 1st. That in the deed or agreement of division which is attached to the bill of complaint as an exhibit there were no words of grant and sale and therefore no right of way passed between the parties by direct grant. 2d. That the bill shows upon its face that it is barred by the statute of limitations of ten

and twenty years. 3d. That if any right was ever acquired it appears from the face of the bill that it has been abandoned by non-user.

On the submission of the cause upon the motion to dismiss and the demurrers, the court overruled the motion to dismiss for the want of equity and sustained the grounds of demurrer setting up the statute of limitations and overruled the other grounds of demurrer. From this decree the respondent appeals, and assigns as error that portion of the decree which overrules the motion to dismiss for the want of equity, and which overrules the several grounds of demurrer.

W. D. IVEY, for appellant, cited 10 Am. & Eng. Ency. Law (2d ed.), 435; *Stein v. Dahm*, 96 Ala. 481.

KNOX, BOWIE & DIXON and BORDEN H. BURR, *contra*, cited *Lide v. Hadley*, 36 Ala. 627; *S. & N. R. R. Co. v. H. A. & B. R. R. Co.*, 98 Ala. 407; *Brown v. Mize*, 119 Ala. 10; *Bell v. Montgomery Light Co.*, 103 Ala. 275.

DOWDELL, J.—A motion to dismiss a bill for want of equity should be sustained only when, after admitting all the facts apparent upon the face of the bill, whether well or illy pleaded, the complainant can have no relief, and the bill, for the purpose of such a motion, will be considered as already amended if it is apparent upon a proper statement of the facts and appropriate prayer equitable relief may be obtained.—*Brown's Admrs. v. Mize*, 119 Ala. 10; *Seals v. Robinson & Co.*, 75 Ala. 368; *Bell, Admr., v. Montgomery Light Co.*, 103 Ala. 275. Admitting the facts apparent upon the face of the present bill, though open to attack by demurrer, the wrong complained of and the relief sought come clearly within the jurisdiction of a court of equity. The bill, therefore, when considered as amended on the motion to dismiss, was not without equity.—*Lide v. Hadley*, 36 Ala. 627; *S. & N. A. R. R. Co. v. Highland Ave. & B. R. R. Co.*, 98 Ala. 407:

The demurrer to the bill, although it contained thirty-one different grounds or assignments, was single and

[Jones & Co. v. Peebles.]

directed to the whole bill. A decree sustaining any one ground of the demurrer is none the less a decree sustaining the demurrer.—*Tatum v. Tatum*, 111 Ala. 209. The court below sustained the demurrer in the present case on several grounds. The decree on the demurrer being in favor of respondent he cannot complain on appeal.—*Watson v. Jones Bros.*, 121 Ala. 579; *Ferris v. Hoglan, Ib.* 240; *Cottingham v. Greely*, 123 Ala. 479.

We find no reversible error in the record, and the decree of the court is affirmed.

Affirmed.