(93 South. 451)

## JOHNSTON v. HARSH. (2 Div. 776.)

(Supreme Court of Alabama. May 18, 1922.)

1. **Waters and water courses** ⬪167(1)—**Easement held granted to maintain dam.**

Where A. and B., adjoining owners, after A. constructed a dam on or near their boundary line, agreed in writing to survey the boundary, and that, if the dam were on the lands of B., it could be "perpetually kept and maintained" by A., his heirs and assigns, and the survey established the dam as upon B.'s land, a perpetual easement was granted to A., his heirs and assigns, to maintain the dam.

2. **Waters and water courses** ⬪167(1)—**Mutual agreements and payment of $1 by each party held sufficient consideration for easement.**

An agreement between A. and B., granting an easement to A. to maintain a dam, if survey established it on B.'s land, reciting that each party paid the other $1, and each paid one-half for the survey and received benefits thereunder, rested on sufficient consideration.

3. **Easements** ⬪21—**Agreement for easement enforced in equity, if defendant had notice of its existence before purchasing servient tenement.**

While equity will enforce easements annexed to private estates defendant must have had actual or constructive notice of the easement before purchasing and paying for his land, or notice of facts putting him on inquiry and sufficient to lead to discovery of the easement.

4. **Easements** ⬪36(1)—**Complainant asserting easement, where defendant proves purchase of and payment for his land, has burden of showing defendant's notice of easement.**

The doctrine of bona fide purchaser is available only by way of defense; but, where defendant proves purchase of and payment for land over which an easement is asserted the burden shifts to complainant to show defendant had actual or constructive notice of complainant's easement before purchase.

5. **Easements** ⬪61(8)—**Complainant's averments concerning defendant's title to servient estate held to necessitate further averments of defendant's notice of easement.**

Averment by complainant, seeking to enforce an easement over defendant's lands that defendant owns and possesses the lands formerly owned by B., from whom the easement was obtained, amounts to averring that defendant purchased and paid for the land, relieving

defendant of proof, under the doctrine of bona fide purchaser without notice, that he purchased and paid for the land, and forces complainant to further aver that defendant had prior notice of the easement.

**6. Easements ⊜⟞61(8) — Averment of facts putting defendant on inquiry before purchase of land, as to complainant's easement held insufficient.**

Complaint in action seeking to enforce an easement over defendant's lands, pleading a contract with defendant's predecessor in title, *held* not to sufficiently aver that defendant knew facts which should have put him on inquiry concerning the existence of complainant's easement.

Appeal from Circuit Court, Greene County; R. I. Jones, Judge.

Bill by William D. Johnston against William L. Harsh. From a decree sustaining demurrers, complainant appeals. Affirmed.

R. B. Evins, of Greensboro, and Edward De Graffenried, of Tuscaloosa, for appellant.

The existence of the dam and levees were physical facts, which put the defendant upon notice and inquiry, and the demurrer should have been overruled. 152 Iowa, 485, 132 N. W. 1101; 88 Ala. 318, 6 South. 685; 112 Me. 371, 92 South. 290; 43 Pa. 31; 180 Ill. 99, 54 N. E. 176; 43 N. J. Eq. 62, 10 Atl. 276.

Harsh, Harsh & Harsh, of Birmingham, and Harwood, McKinley, McQueen & Aldridge, of Eutaw, for appellee.

The bill was defective in failing to aver that defendant had notice of the easement at or before he purchased the land. 175 Ala. 484, 57 South. 837; 77 Ala. 176.

MILLER, J. This is a bill in equity by William D. Johnston against William L. Harsh, for an injunction to enjoin the defendant from preventing complainant from repairing and maintaining a dam owned by the complainant on the land of the defendant, and for damages suffered by his being prevented from maintaining and repairing. it. The court sustained the demurrers of the defendant to the bill. The complainant appeals from this decree, and it is assigned as error.

[1] The complainant and one Henry T. Bouchelle were once adjoining landowners. Complainant still owns his land, but defendant afterwards succeeded to the title and ownership of the said land of. Bouchelle. The defendant now owns the said land of Bouchelle which. joins the land of complainant. Bouchelle, while the owner of the land, made certain levees on it, which diverted or deflected the flow of the water over his land, so that they would flow over the said lands of complainant; and the complainant, to protect his land from the said flow of water,

erected a dam on or near the boundary line between the lands, on what at the time he considered his land. A dispute arose between complainant and Bouchelle as to the exact boundary line between their lands, and as to whether the dam was on the land of complainant or Bouchelle. They entered into a written agreement to have the lands surveyed and the boundary line between them established. This contract contained this clause:

"It is further agreed by and between the parties hereto that the said dam hereinabove mentioned, whether the same be found to be located upon the lands of the said Johnston or upon the lands of the said Bouchelle, may be perpetually kept and maintained by the said Johnston, his heirs and assigns, but that the said Bouchelle, subject to the condition and provisions hereinafter set out, shall have, and is hereby given, the right, power, and authority to cut through said dam an opening of size not to exceed twenty-four inches square, to drain off the water falling upon or flowing over the west half of the southeast quarter of said section 7 and in such opening to build or construct and maintain a culvert or flume and shall have the right or authority to conduct or drain the water passing through such opening, culvert, or flume into the ditch across the east half of the southwest quarter of said section 7 (owned by said Johnston), and discharge the same into a branch running into or toward Morgan's creek, that the ditch now on the east half of the southwest quarter of said section 7 shall be continued or extended at joint expense of the parties hereto, until it reaches said branch or creek so emptying into Morgan's creek or branch, and that the said ditch shall be maintained at the joint expense of the parties hereto."

[2] This survey established the boundary lines between the adjoining lands, and it appears from the bill the dam erected by complainant was not on the land of complainant, but "the said dam was in fact erected upon the lands of said Bouchelle." By this written agreement an easement in the lands of Bouchelle was granted to complainant, his heirs and assigns, with the right to perpetually keep and maintain the dam according to the terms and conditions of the grant. Weil v. Hill, 193 Ala. 408, 69 South. 483. There was sufficient consideration, if true, recited in the contract, to sustain the agreement and grant of the easement. The contract recites each party paid the other $1 cash, each paid for one-half of the cost of the survey, and each received benefits under the contract. Christie v. Durden, 205 Ala. 571, 88 South. 667.

[3] When the bill is construed as a whole, it is clear from the averments that the dam was erected on the land of Bouchelle, and that this land is now owned by the defendant, and that complainant has kept and maintained the dam since it was erected by him, by making repairs when necessary, until

the defendant became the owner of the land. The bill avers, since the defendant became the owner of the land, the said dam became defective, so as to allow the escape of water past it, and complainant undertook, under his rights, to protect his lands by repairing the dam to prevent the overflow of water from the lands of the defendant, caused by the levees hereinbefore mentioned, on the lands of complainant; but the defendant refused to repair the dam, and refused to allow complainant to repair and maintain it. The complainant avers his lands are being injured and his crops on the land are being destroyed by the water flow on account of the needed repairs in the dam.

"A court of chancery has jurisdiction to enforce and to protect the enjoyment of easements annexed to private estate." Coleman v. Butt, 130 Ala. 266, 30 South. 364.

"When a right of way is disturbed or withheld, damages may be recovered in an action at law. Hence, where easements or servitudes are annexed to private estates, 'the due enjoyment of them will be protected against encroachment by injunction,' notwithstanding an action at law could be maintained for the recovery of damages." South & North Ala. R. Co. v. Highland, etc., R. Co., 98 Ala. 400, 13 South. 682, 39 Am. St. Rep. 74.

The complainant, under the written contract with Bouchelle, has an easement in this land now owned by the defendant to perpetually keep and maintain the dam, which a court of equity will protect and enforce against the defendant; if the defendant had actual or constructive notice of the easement of complainant in the land before the defendant purchased and paid for the land, or if the defendant had, before purchasing and paying for the land, notice of some fact or circumstance sufficient to put him on inquiry, which, if followed up, would have led to a discovery of the existence of the easement. S. & N. Ala. R. Co. v. Highland, etc., R. Co., 98 Ala. 400, 13 South. 682, 39 Am. St. Rep. 74; Coleman v. Butt, 130 Ala. 266, 30 South. 364; Hodges v. Winston, 94 Ala. 576, 10 South. 535; Franklin v. Pollard Mill Co., 88 Ala. 318, 6 South. 685.

[4] The doctrine of bona fide purchaser is only available by way of defense; but, when the defendant proves purchase and payment for the land, that he owns it, then the burden shifts to the complainant to show that defendant had actual or constructive notice of the easement of complainant in the land before it was purchased and paid for. Hodges v. Winston, 94 Ala. 576, 10 South. 535; Barton v. Barton, 75 Ala. 400; Snellgrove v. Evans, 165 Ala. 322, 51 South. 560.

[5] The complainant states in his bill that the defendant now owns and is in possession of the land, and these lands now owned by defendant were formerly owned by Henry T. Bouchelle, who is now dead, from whose successors in title the defendant derives title. The defendant is now the owner, under the averments, of the land on which the dam was erected. This, in legal effect, is practically the same as stating he had purchased and paid for the land. These averments obviate the necessity for defendant to aver and prove, under the doctrine of bona fide purchaser without notice, that he purchased and paid for the land; but these averments appearing in the complaint force the complainant to further aver in the bill that defendant had notice, actual or constructive, of the existence of complainant's easement rights in the dam on the land before he purchased and paid for it. Because when complainant shows the land was purchased and paid for by defendant, the burden then shifts to complainant to prove notice, actual or constructive, by defendant of the existence of the easement in the land before he became owner of it. The complainant assumes the burden in the bill by showing ownership—purchase and payment—of the land by the defendant; and, when he does, the law then casts on him the further burden of alleging defendant had notice, actual or constructive, of the easement before the purchase of and payment for the land, in order to make his bill sufficient in that respect.

[6] The bill does not allege the contract between complainant and Bouchelle granting the easement in the land was ever recorded. The copy of it attached and made part of the bill does not appear to have been recorded. There is no direct averment in the bill charging that the defendant knew of the existence of the easement before purchasing and paying for the land. There is not a sufficient averment of facts or circumstances in the bill as known to the defendant before acquiring ownership of the land, sufficient to put him on inquiry, which, if followed up, would have led him to discover the easement right of complainant before he became the owner of the land. The bill is insufficient and defective in these respects. It is pointed out and questioned by the demurrers. Hence the court did not err in sustaining the demurrer to the bill.

Finding no error in the record, the decree is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.