(100 South. 807)

## MALONE v. DECATUR COTTON COMPRESS CO. (8 Div. 659.)

(Supreme Court of Alabama. May 22, 1924. Rehearing Denied June 26, 1924.)

1. **Appeal and error** ⊜⟶339(4)—**Appeal from preliminary injunction lies if taken within ten days.**

Under Code 1907, § 4531, appeal from preliminary injunction order lies if taken within ten days.

2. **Easements** ⊜⟶17(3) — **Deed held to grant private way in intended street.**

Deed describing land by reference to map or plat as bounded by intended 50-foot street which grantor agreed to reserve as a street *held* to give grantee private right of way in street.

3. **Easements** ⊜⟶61(2)—**Enjoyment of private way protected by injunction.**

Enjoyment of private right of way annexed by grant to private estate will be protected by injunction.

4. **Easements** ⊜⟶22—**Recorded deed held notice of private way annexed to land.**

Under Code 1907, § 3373, recorded deed of land giving right of way over adjoining land is notice of such easement.

Appeal from Circuit Court, Morgan County; Osceola Kyle, Judge.

Bill by the Decatur Cotton Compress Company against B. L. Malone, to prevent the obstruction, etc., of a right of way. From a decree granting preliminary injunction, respondent appeals. Affirmed.

W. W. Callahan, of Decatur, and Tennis Tidwell, of Albany, for appellant.

---

⊜⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The rights under the contract rested in the muncipality, and the muncipality is the only agency which can have these rights enforced. Greil v. Stollenwerck, 201 Ala. 303, 78 South. 79. An agreement to establish a highway is not the establishment thereof. Stollenwerck v. Greil, 205 Ala. 217, 87 South. 340; Mobile v. Fowler, 147 Ala. 403, 41 South. 468. A dedication, to be effective, must be accepted. Smith v. Opelika, 165 Ala. 630, 51 South. 821; Moore v. Fowler, 58 Or. 292, 114 Pac. 472. Complainant must show special damage, different from that suffered by the general public, in order to maintain the bill. Cabbell v. Williams, 127 Ala. 320, 28 South. 405; So. Ry. v. Ables, 153 Ala. 523, 45 South. 235; Metcalf Co. v. Martin, 54 Fla. 531, 45 South. 463, 127 Am. St. Rep. 149; Brown v. Association, 59 Fla. 447, 52 South. 802; Albes v. So. Ry., 164 Ala. 356, 51 South. 329; Jackson v. Company, 154 Ala. 464, 45 South. 660; Wharton v. Hannon, 101 Ala. 558, 14 South. 630; s. c., 115 Ala. 518, 22 South. 287. A private right of way cannot be created by dedication. Steele v. So. Ry. Co., 70 Ala. 589.

A. J. Harris, of Decatur, for appellee.

The covenant will be construed more strongly against the grantor, and a right of ingress and egress to the property of complainant would be implied. Webb v. Jones, 163 Ala. 637, 50 South. 888; 9 R. C. L. 748; Ala. Corn Mills Co. v. Mobile Docks Co., 200 Ala. 126, 75 South. 576. A boundary on an intended street grants an appurtenant private right of way. Teasley v. Stanton, 136 Ala. 647, 33 South. 823, 96 Am. St. Rep. 88; Van O'Linda v Lothrop, 21 Pick. (Mass.) 292, 32 Am. Dec. 261; Burnham v. Mahoney, 222 Mass. 524, 111 N. E. 397; 14 Cyc. 1181; 9 C. J. 923; 7 R. C. L. 1097; 19 C. J. 932. If complainant had access over another way, that would not impair its right to the way in question. New Eng. Struct. Co. v. Everett Co., 189 Mass. 145, 75 N. E. 85. Where an easement is created by grant, non-user will not constitute an abandonment. W. U. Tel. Co. v. L. & N., 202 Ala. 542, 81 South. 44; 19 C. J. 942; 14 Cyc. 1187. Subsequent purchasers took with notice of complainant's recorded grant. McMahon v. Williams, 79 Ala. 290; Am. S. F. Co. v. Sibley Soap Co. (C. C. A.) 270 Fed. 70; 19 C. J. 929.

MILLER, J. This is a bill in equity for a preliminary and perpetual injunction, filed by the Decatur Cotton Compress Company, a corporation, to enjoin and restrain B. L. Malone, the defendant, from cutting away, cutting down, and fencing across a 50-foot strip reservation of the right of way of complainant leading to its property from Moulton street in the city of New Decatur, now Albany.

[1] The court at the hearing, on the bill of complaint as amended, verified by affida-vit, and on ex parte affidavits offered by the parties, made a decretal order enjoining the defendant from cutting down and fencing across or otherwise obstructing that certain way, 50 feet in width and adjoining the property of the Home Oil Mill Company on the west, and leading from Moulton street in Albany, Ala., to the Decatur Cotton Compress Company, being the way designated on the map as First avenue in Albany, upon complainant giving bond in the sum of $250, conditioned, and payable as the statute directs, to be approved by the register. This order was made March 21, 1924; the bond was given and approved March 22, 1924, as the order and statute directed; the writ of injunction issued and was executed; this appeal was taken on March 26, 1924, by the defendant from the order granting the preliminary writ of injunction; and this order is the error assigned. This appeal was taken in time. An appeal to this court will lie from such an order, if taken within ten days thereafter. Section 4531, Code 1907.

The bill as amended alleges on August 18, 1900, the Decatur Land Company sold and conveyed to the complainant a tract or parcel of land in New Decatur, now Albany, containing 2.8 acres, fully and accurately describing it, on which is situated a compress used for compressing cotton. This compress serves, as the bill alleges, "the public in the compression of cotton, much of which was conveyed to it by means of wagons, and its premises could only be reached by wagons by one route [the fifty foot way] and by railroad by another, which two ways are set forth and described in this deed."

[2] This conveyance, after describing the 2.8 acres as part of the description and identification thereof, says: "as shown on the plat of the Decatur Land Improvement and Furnace Company's addition to Decatur, Alabama." This conveyance contains this covenant:

"The Decatur Land Company further agrees and binds itself to reserve and set aside for the use of the public, a roadway fifty feet in width adjoining and west of the Alabama Foundry and Machine Company property and the Decatur Cotton Compress Company property, and extending from Moulton street on the south to a connection on the north with a fifty foot street, designated First avenue, in Decatur Mineral and Land Company's addition to Decatur, Alabama."

This intended roadway of 50 feet in width adjoins and is immediately west of this 2.8 acres and extends to Moulton street on the south and to Decatur on the north. It appears from the bill and the affidavits that the Decatur Land Company, the grantor in the conveyance, at the time of the execution of it owned this 50-foot strip of land and the land adjoining it on the west; and when the sale was made to complainant, the grantor had in its possession a large map of the city

of New Decatur, now Albany, known as the Gall Map, which shows this 50-foot strip as an extension of this First avenue from Moulton street to and along the western boundary of this 2.8 acres. The evidence shows this map was drawn by the owner, the predecessor in title to the Decatur Land Company of this property in the year 1887, the proposed streets and avenues running through it appear on it, and this 50-foot strip is shown thereon as an extension of or connecting with First avenue at Moulton street. The bill alleges the Decatur Land Company has been in possession of this map and "it has been used by it in the sale of lots and duplicates thereof have been in the hands of various individuals and posted in public places in this community."

The general principle applicable to the facts of this case as they appear in the bill as amended, and which is supported by some of the affidavits, is stated in 19 Corpus Juris, p. 928, § 127, headnotes 61–63, as follows:

"Where the owner of a tract of land lays it out in streets and lots delineated on a map or plan and sells lots bounded by such streets which are referred to in deeds of conveyance as boundaries, the legal effect of the grants is to convey to the grantees the right of way over the streets respectively laid out. This is not merely a matter of description, but an implied covenant that there are such streets as are referred to in the deeds and the grantor and all persons claiming under him are forever estopped to deny their existence, and they cannot by any act of their own defeat the right of the grantees to use the platted streets for the purposes intended."

See, also, where the same principle is declared in 14 Cyc. pp. 1176–1177, headnote 53.

This court has clearly expressed itself on this subject in Teasley v. Stanton, 136 Ala. 647, 33 South. 823, 96 Am. St. Rep. 88, as follows:

"But there is no such difficulty in the claim of Burch. In the deed from Wilson to Burch the lot conveyed is described as fronting on 'the continuation of a strip of ground 60 feet by 330 feet intended and reserved for the continuation of South street.' A boundary on 'an intended street' grants an appurtenant private right of way. O'Linda, v. Lathrop, 21 Pick. 292; Smith v. Lock, 18 Mich. 56; Jones on Easements, §§ 227, 228.

"'When a grantor conveys land, bounding it on a way or street, he and his heirs are estopped to deny that there is such a street or way. This is not descriptive merely, but an implied covenant of the existence of the way,' and 'the description of the way, in the deed, as a contemplated passage way, shows the agreement of the parties that there should be such a passage way, as distinctly as if it had been already laid out; and has the like effect.' Tufts v. City of Charlestown, 2 Gray, 272; Stetson v. Dow, 16 Gray, 372; Franklin Ins. Co. v. Cousens, 127 Mass. 258; Burrell v. Burrell, 11 Mass. 296."

This conveyance of 2.8 acres of land by Decatur Land Company to complainant states after describing it thus, "as shown on the plat of the Decatur Land Improvement and Furnace Company's Addition to Decatur, Alabama." The grantor of this conveyance expressly agrees and binds itself to reserve and set aside this 50-foot strip as a roadway for use of the public. The grantor at the time owned this 50-foot strip. This agreement in the conveyance shows this 50-foot strip "extended from Moulton street south to a connection on the north with a 50-foot street designated First avenue in Decatur Mineral and Land Company's Addition to Decatur, Alabama." This agreement in the conveyance also shows this "roadway of 50 feet in width adjoined and is west of the Decatur Cotton Compress Company property," which is the 2.8 acres conveyed by the deed. It thus appears in the conveyance that this 2.8 acres is bounded on the west by this 50-foot strip, the intended street for use of the public.

This court said in Teasley v. Stanton, supra, "A boundary on 'an intended street' grants an appurtenant private right of way."

This conveyance not only shows that this 2.8 acres conveyed by it was bounded on the west by this intended 50-foot street, but the grantor agreed therein to set it aside, to reserve it for a public street; and it appears from the deed and ex parte affidavits that this sale and conveyance were made with reference to a map or plat which had this intended street thereon. It is clear and evident, and we hold, by this deed the Decatur Land Company granted by implication, if not expressly, to the complainant a private right of way 50 feet wide from Moulton street to this property (2.8 acres) and along the west side thereof, the street intended to be reserved and set aside to the public. Authorities supra.

[3] The bill as amended alleges the defendant claims to own this 50-foot strip from Moulton street to the property of complainant; the exact right or claim of his title is unknown to complainant; that he denies complainant's right of way over it; that he communicated to complainant his intention to fence this property, so complainant cannot use it; and he is engaged in cutting into and cutting down this 50-foot strip, which will leave this property of complainant five or six feet above the level of the 50-foot strip when graded as defendant purposes.

This court in Lide v. Hadley, 36 Ala. 635 (76 Am. Dec. 338) wrote:

"Hence, it is settled that, where easements or servitudes are annexed, by grant or otherwise, to private estates, the due enjoyment of them will be protected against encroachments by injunction, although an action for damages would lie at law."

See, also, S. & N. Ala. R. Co. v. Highland, 98 Ala. 400, headnote 6, 13 South. 682, 39 Am. St. Rep. 74; Johnston v. Harsh, 207 Ala. 524, 93 South. 451.

[4] It appears this conveyance by the Decatur Land Company to the complainant was filed for record and duly recorded in the probate office of Morgan county, the county in which the land is located, on August 18, 1900. This recordation of the conveyance operates as a notice of the contents thereof. Section 3373, Code 1907. In 18 Corpus Juris, p. 939, § 145, headnotes 97–99, this text is found:

"One who purchases land with notice, actual or constructive, that it is burdened with an existing easement takes the estate subject to the easement, and will be restrained from doing any acts which will interfere with the benefit and enjoyment of the easement to the full extent to which the party having a right thereto, who has not parted with or impaired the same, was entitled at the time when such purchaser bought."

In this connection, see Johnston v. Harsh, 207 Ala. 524, 93 South. 451.

It appears from the bill of complaint as amended, which is sustained by some affidavits that complainant has an easement in this 50-foot strip of land, that the defendant intends to fence it so it cannot be used by complainant in going to and from its property, and is now doing acts which will interfere with the benefit, use and enjoyment of the easement by the complainant. The complainant under these circumstances had the right to invoke the aid of a court of equity to protect by injunction its right to the enjoyment of the easement; and the judge of the court properly ordered the temporary injunction to issue as hereinbefore stated. Authorities supra.

We find no error in the record, and the order granting the temporary or preliminary writ of injunction is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.